R. A. ALLEN v. MINNIE B. HAZZARD.

Decided November 18, 1903.

1.—Costs—Court Stenographer.

Under article 1421 of the Revised Statutes the trial court did not err in refusing to compel the court stenographer to transcribe the evidence on the trial for the benefit of the plaintiff in error in . default of his payment of the cost of same.

2.—Evidence—Bill of Exception.

An objection to evidence admitted, not presented by bill of exception, will not be considered on appeal.

3.—Same—City Ordinance—Animals at Large.

A horse turned loose in the streets of the city of El Paso by its owner to go unattended and unrestrained to a livery stable is a horse running at large in the streets within the meaning of the ordinance of the city of El Paso, and such ordinance was competent evidence in this case.

Error from the District Court of El Paso. Tried below before Hon. J. M. Goggin.

*Patterson & Buckler,* for plaintiff in error.

No appearance for defendant in error.

JAMES, CHIEF JUSTICE.—Plaintiff (defendant in error) alleged that defendant was accustomed to turn his horse loose in the city of El Paso for the purpose of permitting him to go alone to a certain livery stable, and on August 17, 1900, turned him loose, knowing that it was accustomed to run and trot rapidly along the street towards the stable; that when plaintiff came into that street on a bicycle she saw the horse coming rapidly down the street towards her, and in the direction she was going, and she, through fear and excitement in attempting to avoid being run over by turning out of the way, lost control of her wheel which fell, throwing her to the ground and injuring her. Her petition also alleged two city ordinances, one against driving or riding at a faster gait than six miles an hour;—the other declaring it unlawful for horses, mules, etc., to run at large in the city, both ordinances providing penalties for their infraction. Judgment was for $1500.

There is no statement of facts, and the first assignment of error is to the refusal of the court to order the stenographer (appointed to take the evidence in the trial) to file the evidence for the use of plaintiff in error in preparing a statement of facts. The bill of exceptions makes it appear that counsel did not charge his memory with the testimony on account of there being a stenographer to take it down, and did not remember it sufficiently to properly prepare a statement from memory; that he moved the court that she be ordered to transcribe the testimony from her notes and file same. It appears further from the bill she had not filed same because the court had directed her not to do so, having stated that it would tax as costs only her per diem of $10. She was

willing to file it provided an order was made fixing her compensation therefor to be taxed as costs. It also appeared that the defendant had no property in El Paso County, nor in Texas, and had disposed of all his property in Texas, and was at the time residing in England.

Under article 1421, Sayles' Revised Statutes, defendant would have been liable to the stenographer for this expense. The court may have been influenced in its decision of this motion by the fact that no costs could be made out of defendant by its process, if at all. The court was ready to grant the motion of the applicant if he would assure payment for this particular work, which was refused. Under the circumstances we believe appellant can not complain.

Moreover plaintiff in error does not appear to have been prejudiced by the refusal. There is only one other bill of exceptions in the record, and in this bill, and at plaintiff in error's instance, we find given what purports to be all the evidence introduced upon the trial "for the purpose of showing the negligence of defendant, or that the horse was running at large." This was practically all there was in the case, except the extent of plaintiff's injuries and the measure of damages.

We notice that the motion for new trial does not complain of the damages as excessive, and question only one ruling in regard to the evidence admitted as to injuries sustained, and this objection is not supported by a bill of exceptions and could not have been considered with a statement of facts.

The third and fourth assignments contend that the court erred in admitting the two ordinances. They are based on the bill in which the testimony concerning negligence, etc., was set forth. The ordinance declaring it unlawful for horses to run at large in the city of El Paso was objected to because it had no application to this case, as there was no evidence that the horse was running at large in the sense of the ordinance. It appeared from the evidence that the horse had a saddle and bridle on and was galloping rapidly along the street, that plaintiff was frightened and thought the horse had thrown its rider and was vicious, that she thought the horse would run over her, and attempted to get out of its way, and in doing so met with her injury. Plaintiff admitted to her he had turned the horse loose. There was no direct testimony that defendant had turned it loose to go to the livery stable, but such is its effect as claimed by plaintiff in error, and plaintiff so alleged in her petition. Upon this assignment we are of opinion that the horse was running at large within the meaning of the ordinance. The fact that it may have been accustomed or trained to return to the stable when turned loose, would not except it from the ordinance. It was allowed to go through the streets unattended and unrestrained, and therefore it was at large. The assignment will accordingly be overruled; and this view of the law also necessitates the overruling of the second assignment which questions the charge of the court as asuming that defendant was

guilty of a violation of the ordinance and of negligence per se in turning the horse loose to run along the street.

The other ordinance objected to was one prohibiting the riding or driving at a speed greater than six miles an hour. It is not necessary to discuss this at all, the former ordinance embracing the act.

*Affirmed.*

Writ of error refused.