# MAY, 1925.

## PULLMAN COMPANY v. C. H. HAYS AND WIFE.

No. 4155. Decided May 6, 1925.

(271 S. W. 1108).

### 1.—Costs—Stenographer's Report.

By Act of June 18, 1920, Laws, 36th Legislature, 3d Called Session, Ch. 47, P. 88, an appellant may apply for the stenographer's report of the evidence to be made out in narrative form, instead of by question and answer (as required by section 5, chapter 119, General Laws, 32nd Legislature), and the stenographer's fee therefor is properly taxed as costs in the case. (Pp. 493-495).

### 2.—Same.

Section 6 of Chapter 119, Laws of 32nd Legislature, providing that stenographer's fees for preparing a statement of the evidence in narrative form should not be taxed as costs, applies only when he has already reported the evidence in the form of question and answer, and not to a case where, under section 5, his only report is in narrative form. (P. 495).

**3.—Same.**

When the stenographer, by direction of appellant, reports the evidence only in narrative form, his fees therefore are properly taxed by the clerk as costs, and such taxation will be presumed to be correct. No express agreement is necessary for the substitution of such report for one by question and answer, as under Article 1924, Revised Statutes. The party desiring to take out mandate on final disposition of the case may be required to pay such cost, as ordered. (P. 495).

Questions certified from the Court of Civil Appeals for the Tenth District, in an appeal from McLennan County.

The Supreme Court, having referred the question to the Commission of Appeals, section A for their recommendation thereon, here adopts the opinion of the Commission as its answer, to be certified to the appellate court.

*Etheridge, McCormick* and *Bromberg,* for appellant, cited: Acts, 36th Leg., 3d Called Session, p. 88; Fidelity Oil Co. v. Swinney, 260 S. W., 1111; Pittman v. Fort Worth Warehouse & Storage Co., 263 S. W., 636.

*Spell, Naman & Penland,* for appellant.

MR. JUDGE BISHOP delivered the opinion of the Commission of Appeals Section A.

This case is presented on certified questions from the Court of Civil Appeals for the Tenth Supreme Judicial District under the following statement:

"On December 20, 1923, the above cause was by this court reversed and remanded, and on the 24th day of January, 1924, appellant's motion for rehearing was overruled. The certified bill of costs in the transcript embraces, among other items, the following: 'J. L. McAtee, steno. for stenographic report, $173.80.' On February 8, 1924, appellees filed their motion, asking this court to retax the costs and to eliminate said item, alleging that the clerk of this court had refused to issue the mandate until said stenographic fee was paid. Appellees claim that said item was improperly taxed as costs, for the reason that the 'stenographic report' prepared by said court stenographer and for which service said charge was made, was in fact a statement of facts in narrative form and used as such on the appeal in this case. There is nothing in the transcript or in the certified cost bill contained therein making any other or further showing as to the nature of the services for which said charge was made.

"On February 28th appellant filed a reply to appellees' said motion to retax costs and resisted the same on the ground that said

motion was unaccompanied by and contained no reference to any certificate of the clerk of the trial court or of the stenographer named or any affidavit showing what the facts were with reference to the preparation of said statement of facts and the occasion for such taxing of said item of costs.

"Apparently in response to this complaint of said motion, appellees have filed a request for permission to file herein a certificate under the hand and seal of R. V. McClain, Clerk of the District Court from which said appeal was taken, and who certified to said bill of costs and to the transcript which includes the same, stating that said item in said cost bill was for said stenographer's fee for a narrative statement of the evidence adduced on the trial of the cause, and that no·question and answer transcript of said evidence was filed in said court. Both said motion to retax and said request for permission to file said certificate are now pending before us."

The questions certified are:

"FIRST. Where it appears from the certified cost bill in the transcript that the clerk of the district court has taxed as a part of the costs of the case a proper and legal charge for a stenographic transcript of the testimony for appeal, is·the clerk of this court authorized or required by law to tax such charge against the losing party and to include the same in the bill of costs of this court, and in cases reversed and .remanded, require payment of the same by the appellee or defendant in error before issuing the mandate?

"SECOND: Where there appears in the certified cost bill in the transcript a charge for stenographer's fees, but where it does not appear whether such charge was for a transcript of the testimony in form of questions and answers, as authorized by Article 1924, or not, are we authorized to presume that such charge was for services authorized by such article because taxed by the clerk of the court below in the performance of his duties and therefore presumed to be regular and proper until the contrary is shown?

THIRD: Is this court on hearing a motion to retax costs authorized to determine as a fact whether a stenographer's fee. charged in the cost bill included in the transcript is for stenographic services performed in accordance with the provisions of said Article 1924, or for services performed under the provisions of said Article 2070? If so, should such fact be established before this court by certificate of the clerk of said court, by affidavits, or otherwise? If otherwise, how should such fact be established?

"FOURTH: Where the official court reporter is not requested to and does not prepare a transcript of the evidence in the form of questions and answers, as authorized by Article 1924, but does prepare, at the request of appellant, in lieu of such transcript a

transcript of the evidence in narrative form for use as a statement of facts in the case, is his fee for making said narrative statement of facts taxable as a part of the costs of the case in lieu of the charge authorized by the statute for services rendered under the provisions of said Article 1924, without express agreement of parties with reference thereto?

"FIFTH: Where the certified cost bill in the transcript does not contain any charge for stenographic fees, can this court on a motion to retax costs determine as a fact whether a stenographer in the court below did in fact prepare a transcript of the evidence for use on appeal, and ascertain the proper legal charge therefor and order the clerk of this court to tax the same as costs against the losing party in this court?

"SIXTH: Should this court, under, the facts above recited, grant the request of appellees for permission to file in this cause for consideration on the issue of retaxing costs, the certificate of the District Clerk above referred to?

"SEVENTH: Should said motion to retax costs, under the facts above recited, be granted by this court, and should said item aforesaid be stricken from the cost bill of this court and mandate issued without requiring the payment of the same?

Section 5, Chapter 119, General Laws of the 32nd Legislature. is as follows:

"In case an appeal is perfected from the judgment rendered in any case, the official shorthand reporter shall transcribe the testimony and other proceedings recorded by him in said case in the form of question and answers, certifying that such transcript is true and correct, and shall file the same in the office of the clerk of the court within such reasonable time as may be fixed by written order of the court. Said transcript shall be made in duplicate; for which said transcript the official shorthand reporter shall be paid the sum of fifteen cents per folio of one hundred words for the original copy and no charge shall be made for the duplicate copy. said transcript to be paid for by the party ordering the same on delivery, and the amount so paid shall be taxed as costs.''

The provisions of Articles 1633, 1634, and 1635, Revised Civil Statutes of 1911, are:

Art. 1633. "If no writ of error be sued out, or motion for rehearing be filed, within thirty days after the conclusion or decision of the court has been entered in any court of civil appeals, the clerk of the court shall, upon application of either party and the payment of all costs, issue a mandate upon said judgment."

Art. 1634. "On the rendition of any final judgment or decree in the court of civil appeals, the clerk of said court shall not issue

and deliver the mandate of the court, nor certify the proceedings to the lower court, until all the costs accruing in the case in the court of civil appeals shall have been paid, subject, however, to the provisions of the next succeeding article.''

Art. 1635. ''If the party against whom the costs are adjudged shall make affidavit of his inability to pay the same or give security therefor, he may apply to the court of civil appeals in which the case is pending for an order to require the clerk to issue the mandate or to certify the proceedings, as the case may be; which motion shall be granted by said court, unless the clerk or a party to the record shall controvert the truth of such affidavit and satisfy the court that such motion should not be granted.''

Articles 1647 and 1648 provide:

Art. 1647. ''If neither party shall pay the costs and take out the mandate within thirty days after the time when the same can be issued by law, then it shall be the duty of the clerk to issue execution for the costs accruing in his court against the party or parties against whom such costs have been adjudged, and to send such execution by mail to the proper officer for collection; but he shall retain the mandate until the costs have been paid or collected, subject, however, to the provisions of article 1635.''

Art. 1648. ''In any cause reversed by a court of civil appeals, the appellant shall be entitled to an execution against the appellee for costs occasioned by such appeal, including costs for the transcript, said costs to be taxed by the clerk of the said court.''

Construing the foregoing provisions, we have concluded that the amount paid for the stenographer's report provided for by Section 5 above is part of ''the cost accruing in the case in the court of civil appeals'' under the terms of Article 1634, and should be taxed as costs by the clerk of that court as required by Article 1648. The mandate, therefore, should not be issued and delivered until such item of costs has been paid, except as provided in Article 1635. In taxing costs in the court of civil appeals, the item as to the stenographer's report certified by the clerk of the trial court in the transcript may be relied upon when there is nothing to show that this item is not taxable.

It appears from the foregoing statement that in this case no stenographer's report in question and answer form was made out and filed under Section 5 above quoted, but at the request of appellant, a report in narrative form was made out and filed by the court stenographer. The question here presented is whether the stenographer's fee for this report may be taxed as part of the costs of appeal.

In Chapter 47, p. 88, of the Acts of the Third Called Session of the 36th Legislature, is found this provision:

"When any party to a civil suit reported by any such reporter shall desire a transcript of the evidence in said suit, said party may apply for same and shall indicate whether he desires the same in question and answer form or in narrative form. In the event said transcript should be ordered made in narrative form, then such reporter shall make the same up in duplicate narrative form and shall receive as compensation therefor the sum of twenty cents per hundred words; and no statement of facts shall be made up in question and answer form or charge made therefor, except when requested by the parties to the suit."

We think it is clear from this provision that it was the intention of the legislature that a stenographer's report of the evidence in narrative form, if desired, should be substituted for one in question and answer form as provided in Section 5, and that when so substituted, it was contemplated that the stenographer's fee therefor should be taxed as part of the costs of appeal.

Section 6, of Chapter 119, General Laws of the 32nd Legislature, providing that where the court stenographer has prepared a report of the evidence in question and answer form, he "shall when requested by the party appealing prepare" from the report filed a statement of facts in narrative form, for which he shall be paid by the party appealing, but that the amount paid shall not be taxed as costs, has no application to this case for the reason that no stenographer's report in question and answer form was prepared and filed.

It is wholly immaterial whether the certificate of the district clerk be filed. If filed, it would only show that no report in question and answer form was filed in the case, but that in lieu thereof a report in narrative form was filed. It would not show that the item was improperly taxed as part of the costs of appeal.

We recommend that questions numbers 1, 2, and 4 be answered in the affirmative, and question number 7 in the negative. The views herein expressed render questions numbers 3 and 6 immaterial, and question number 5 is an abstract one, not being pertinent to the above statement, and for this reason should not be answered. Owens v. Tedford, 269 S. W., 418.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton*, Chief Justice.