**DONALDSON v. MEYER et al. (No. 7479.)**

(Court of Civil Appeals of Texas. San Antonio. Jan. 13, 1926.)

1. Costs ⬅254(5)—Item for stenographic fees, paid to court reporter for report of testimony, is taxable as costs of appeal.

Item for stenographic fees, paid to court reporter for report of testimony in question and answer form, is taxable as costs of appeal, when included in transcript sent up by district clerk.

2. Costs ⬅264—Neither Court of Civil Appeals nor trial court authorized to retax as costs item for stenographic fees.

Where appellant obtained a reversal in the Supreme Court, neither Court of Civil Appeals nor trial court were authorized to retax as costs item for stenographic fees for court reporter's report of testimony, where there was nothing in the record showing that the item was before the Court of Civil Appeals or before the Supreme Court on writ of error.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by D. A. Meyer, by I. B. Meyer, next friend, and others, against Henry B. Jones and others. Judgment for plaintiff, affirmed by the Court of Civil Appeals (248 S. W. 777), was, on writ of error by defendant John J. Donaldson, reversed and rendered conditionally (261 S. W. 369). On motion to retax costs of appeal. Motion denied.

Don A. Bliss and T. J. Murray, both of San Antonio, for appellant.

Hal Browne and J. H. Bickett, Jr., both of San Antonio, for appellees.

COBBS, J. This case comes up on a motion by appellant to require an item of $350 to be paid him, which he claims was a part of the costs of appeal. See this case reported in (Tex. Civ. App.) 248 S. W. 777; (Tex. Com. App.) 261 S. W. 369. This item, it is claimed, was stenographic fees paid by appellant to the court reporter for a report of the testimony in the form of questions and answers. The judgment of the Commission of Appeals was:

"We recommend that the judgment of the district court and that of the Court of Civil Appeals be reversed, and that judgment be here rendered as given by said courts, save that if plaintiffs below, that is, Meyer and wife, fail within six months to deposit with the clerk of the district court, for benefit of defendant Donaldson, the sum of $3,000, with interest from November 4, 1918, at 6 per cent., then order of sale shall issue for the sale of the land in controversy in this suit to satisfy said judgment in favor of defendant Donaldson, and costs of sale."

The Supreme Court further in its judgment decreed that:

"Defendants in error, D. A. Meyer and Louise Meyer, pay all costs in this behalf expended in this court, the Commission of Appeals, and the Court of Civil Appeals, and this decision to be certified to the district court for observance."

[1] Such items are taxable as costs of appeal when included in the transcript sent up by the district clerk. Irving v. Fort Worth State Bank (Tex. Com. App.) 276 S. W. 899; Schallert v. Boggs (Tex. Civ. App.) 210 S. W. 601; Wagner & Chisholm v. Dunham (Tex. Civ. App.) 246 S. W. 1044; Pullman Co. v. Hays (Tex. Com. App.) 271 S. W. 1108.

[2] There is nothing in the record before us showing that the item in question was before this court on appeal, or that it was before the Supreme Court on the writ or error, but on the contrary was not. The record in this case shows that the clerk of the Supreme Court certified down the following items only as costs of this court:

Certified Copy Bill of Costs in Supreme Court.

| | |
|---|---:|
| Costs in Court of Civil Appeals, Fourth District | $ 77 55 |
| Entering orders | 5 00 |
| Transcript from district court | 56 00 |
| Notices | 6 00 |
| Costs in Commission of Appeals | 5 50 |
| Total | $171 35 |

Seeing no such item as $350 stenographic fees taxed as costs in the Supreme Court, where appellant had an opportunity to move to have them retaxed if included in the record from this court, therefore neither this court nor the trial court has the right to retax the same; since we can only determine from the record before us what was before that court.

The judgment of the Supreme Court is conclusive of the question, and nothing can be added to its mandate.

The judgment of the trial court is affirmed.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes