### LONGNECKER v. ESTES.  (No. 2109.)

Court of Civil Appeals of Texas.  El Paso.
Nov. 23, 1927.

1. Courts ⬤⟳57(2)—Court reporter held entitled to demand payment for preparing transcript of evidence on delivery of transcript (Acts 1925, c. 202).

In view of Acts 1925, c. 202, *held*, that court reporter has a right to demand, of party seeking transcript of evidence in narrative form, compensation for transcribing evidence on delivery of transcript of evidence, since writ of error bond does not secure him in such payment.

2. Mandamus ⬤⟳57(1)—Nonresident party held not entitled to writ compelling court reporter to transcribe evidence, where amount sufficient to cover costs of preparation was not deposited.

Party seeking by mandamus to compel court reporter to prepare transcript of evidence is not entitled to writ, where reporter has shown his willingness to transcribe evidence, but that cost of preparing transcript will proximate $400, that party has deposited only $125 to secure payment, and party is a nonresident.

3. Mandamus ⬤⟳13—Writ will not issue unless petitioner has done all that may be required as condition precedent and respondent is shown to be in default.

A writ of mandamus will not be issued unless petitioner shall have done all that may rightfully be required of him by respondent as condition precedent to petitioner's right to relief sought and show respondent to be in default.

4. Mandamus ⬤⟳12—Writ will not lie to compel performance of act which respondent is willing to perform.

A writ of mandamus will not lie to compel performance of an act for which respondent shows a willingness to perform without coercion.

Original proceeding for mandamus by M. A. Longnecker against Julian Estes. Petition denied.

W. E. Loose, of El Paso, for relator.

HIGGINS, J.  This is an original proceeding in this court by the petitioner, M. A. Longnecker, of the state of Illinois, against the respondent, Julian Estes, official court reporter of the district court of Reeves county, for a writ of mandamus to compel the respondent to prepare and furnish in narrative form from his shorthand notes a transcript of the evidence adduced upon the trial, at the May term, 1927, of the district court of Reeves county, of a certain cause wherein the petitioner was plaintiff and Ward county water improvement district No. 3 was defendant in which cause judgment was rendered for said defendant.

It is shown by the petition that the jurisdiction of this court has properly attached in said case; that respondent in his official capacity reported the trial of the case, and has failed and refused upon demand of the petitioner to furnish such transcript of the evidence. Petitioner averred she was ready, willing, and able to pay, upon receipt of the transcript, the fee allowed by law therefor.

The respondent answered, setting up that he was ready, willing, and able to furnish the desired transcript and anxious so to do, but had refused to do so for the following reasons: That the trial of the case in the

district court of Reeves county consumed a week's time in the taking of testimony alone, and it would require three weeks to transcribe the same in narrative form as demanded by the petitioner; that he had offered to prepare the same if the petitioner would guarantee the payment of his fees for making the same, and she had failed and refused to make a deposit in sufficient sum to guarantee payment; that his fee for preparing the same would amount to approximately $400, and petitioner had made a deposit of only $125 and had refused to make any further deposit to guarantee such payment; that such deposit was inadequate and insufficient to pay the costs of the transcript, and he believed and charged the fact to be that, if he was compelled to so transcribe the testimony, he would receive no compensation except the $125 deposit; that he was ready, willing, and desirous to make the transcript of the evidence upon an adequate deposit being made to guarantee that he would receive his fees for the work as soon as it was completed. Attached to and made a part of the answer are copies of letters between the respondent and counsel for the petitioner.

The prayer of the answer was that the petitioner be required to deposit in this court, or with the district clerk of Reeves county, the sum of $400 as a guaranty that he would receive his compensation when the statement of facts was completed by him, and that, in the event the petitioner should fail to make said deposit within a reasonable time, the petition herein be denied. To this answer no reply has been filed by the petitioner.

The correspondence referred to in the answer discloses the willingness of the respondent to furnish the statement of facts upon satisfactory assurance that he would receive his compensation, but counsel for the petitioner declined to obligate himself personally to pay the same, but suggests that a cost bond had been filed and approved which afforded ample security to the respondent. A letter of petitioner's counsel of August 19, 1927, to respondent, advises that $125 had been deposited in a bank at Pecos to further secure the payment of his fees.

The case was submitted upon sworn petition and verified answer. It has not been briefed by either side, or argued orally. We are thus without assistance from counsel in the proper disposition to be made of the petition.

[1] The first thought that suggests itself is whether or not the filing and approval in the court below of the writ of error bond is of itself sufficient to impose upon respondent the duty to prepare and deliver the transcript of the evidence when requested so to do. If so, it is upon the theory that the stenographer's fee for a transcript of the evidence in narrative form is taxable

as costs and the payment thereof secured by the bond. Under the law prior to 1925 it was held that such fees were taxable as costs. Pullman Co. v. Hays, 114 Tex. 490, 271 S. W. 1108; Irving v. Bank (Tex. Com. App.) 276 S. W. 899.

Changes in the statutory law upon that subject were effected by the codification of 1925 and an Act of the 39th Legislature, approved March 28, 1925, c. 202, p. 669. It is unnecessary to determine whether the stenographer's fee for preparing a transcript of the evidence in narrative form is now taxable as costs. For the present purpose it may be assumed to be so, though in article 2239, R. S., it is said:

"When a statement of facts is made at the request of a party by the official court reporter, the fees therefor shall not be taxed as costs."

But there is a difference between a stenographic report of the evidence and a statement of facts on appeal. Irving v. Bank, supra. Therefore the quotation from article 2239, R. S., perhaps does not relate to a transcript of the evidence in narrative form.

In the codification of 1925 there is no provision prescribing when and by whom the stenographer's fee for a transcript of the evidence in either narrative or question and answer form shall be paid. However, in the Act of March 28, 1925, it is said:

"When any party to any suit reported by any such reporter shall desire a transcript of the evidence in said suit, said party may apply for same and shall indicate whether he desires same in question and answer form or in narrative form. In the event such transcript should be ordered in question and answer form, then such reporter shall make the same up in duplicate in question and answer form, and shall receive as compensation therefor the sum of fifteen cents per hundred words for the original. In the event said transcript should be ordered made in narrative form, then such reporter shall make up same in duplicate in narrative form, and shall receive as compensation therefor the sum of twenty cents per hundred words for the original."

This does not say who shall pay the fees nor when they shall be paid, but it makes provision for the stenographer's compensation for the service rendered, and the necessary implication is that such compensation shall be paid by the party from whom the service is rendered. And, as in the case of contracts, the compensation is payable when the service is completed unless otherwise provided. We are, therefore, of the opinion that the respondent has the right to demand of the petitioner payment of his compensation upon delivery of the transcript of the evidence. The writ of error bond does not secure him in such payment.

[2] Petitioner avers that she is ready, willing, and able to pay the respondent's fee upon receipt of the transcript. If this al-

legation was not challenged, her right to the writ sought would be clear. Rice v. Roberts (Tex. Civ. App.) 177 S. W. 149; Otto v. Wren (Tex. Civ. App.) 184 S. W. 351; Railway Co. v. Collins (Tex. Civ. App.) 272 S. W. 219.

The petitioner is a nonresident and it is shown by the sworn answer, to which no reply has been made, that the respondent's fee for preparing the transcript will approximate $400; that to secure the payment thereof she has made a deposit of only $125 and has refused to make a sufficient deposit to secure its payment in full; and that respondent has been at all times and is now willing to make the transcript if petitioner will make a sufficient deposit. Upon information and belief it was also averred that, if compelled to make the transcript, respondent would receive no compensation except the $125 already deposited. These unchallenged averments of the answer place in issue the alleged readiness, willingness, and ability of the petitioner to make payment of the respondent's compensation upon delivery of the transcript. She is a nonresident and the guaranty demanded by respondent is not unreasonable. Under these circumstances she is not entitled to an order compelling the preparation and delivery by respondent of a transcript of the evidence. Allen v. Hazzard, 33 Tex. Civ. App. 523, 77 S. W. 268; 15 C. J. tit., "Costs," §§ 464, 465.

[3] The writ of mandamus will not be issued unless the petitioner shall have done all that may rightfully be required of him by the respondent as a condition precedent to the petitioner's right to the relief sought and show the respondent to be in default. 38 C. J. 575; Bracken v. Wells, 3 Tex. 88; Railway Co. v. Thompson, 55 Tex. Civ. App. 12, 118 S. W. 618, Id., 103 Tex. 372, 126 S. W. 257, 128 S. W. 109.

[4] Nor will the writ lie to compel performance of an act which the repondent shows a willingness to perform without coercion. 38 C. J. 554.

The petition is denied.