**BURKS v. NEUTZLER.   (Motion No. 8080; No. 1068–4776.)**

Commission of Appeals of Texas, Section A.
May 30, 1928.

**1. Costs ⊖⟝264—Reviewing court, on motion to retax costs, will presume transcript of evidence in narrative form and statement of facts were same thing, where record did not show contrary.**

Where statement of facts in case showed that it was certified to by official court reporter as true and correct statement of facts at trial, and record did not disclose that any transcript in question and answer form had been prepared or filed, reviewing court will presume, on motion to retax costs, that transcript of evidence in narrative form and statement of facts were one and the same thing.

**2. Evidence ⊖⟝83(1)—Public official presumably does his duty.**

It is presumed that a sworn public official has done his duty where there is nothing in record to show contrary.

**3. Costs ⊖⟝254(6)—When statement of facts is prepared in question and answer form, 15 cents per hundred words should be taxed as costs (Rev. St. 1925, arts. 2056, 2238, 2239).**

When statement of facts is prepared in question and answer form, cost thereof at 15 cents per hundred words should be taxed as costs, under Rev. St. 1925, arts. 2056, 2238, 2239.

**4. Costs ⊖⟝254(6)—When transcript of evidence is prepared in narrative form, and no question and answer transcript is prepared, 20 cents per hundred words should be taxed as costs (Rev. St. 1925, arts. 2056, 2238, 2239).**

When transcript of evidence is prepared in narrative form and no question and answer transcript is prepared, cost thereof should be taxed as costs at 20 cents per hundred words, under Rev. St. 1925, arts. 2056, 2238, 2239.

Suit by R. P. Burks against A. J. Neutzler. Judgment of the Court of Civil Appeals affirming judgment for defendant was reversed, and judgment was rendered for plaintiff. 2 S.W.(2d) 416. On motion of defendant in error to retax costs. Motion overruled.

McClellan & Cross, of Gatesville, for plaintiff in error.

Brown & Brown and S. F. Mings, all of Gatesville, for defendant in error.

CRITZ, J. This is a motion on the part of defendant in error to retax an item of $107, shown in the transcript from the district court under "bill of costs" as "court reporter's fee for statement of facts, $107."

Judgment in this case was originally rendered in the district court for the defendant in error. Upon appeal to the Court of Civil Appeals, the judgment of the trial court was affirmed. 289 S. W. 436. Upon writ of error allowed by this court, judgments of the trial court and Court of Civil Appeals was reversed, and this cause rendered for the plaintiff in error. (Tex. Com. App.) 2 S.W.(2d) 416. Motion for rehearing by the defendant in error has been duly overruled.

A correct decision of this motion involves the construction of articles 2056, 2238, and 2239, Revised Civil Statutes of 1925. Article 2238 is in fact the act of the Regular Session of the Thirty-Ninth Legislature 1925, p. 670.

Under article 2056, it is provided that:

"The successful party to a suit shall recover of his adversary all costs incurred therein, except not otherwise provided."

Article 2238 provides:

"When any party to any suit reported by any such reporter shall desire a transcript of the evidence in said suit, said party may apply for same and shall indicate whether he desires same in question and answer form or in narrative form. In the event such transcript should be ordered in question and answer form, then such reporter shall make the same up in duplicate in question and answer form, and shall receive as compensation therefor the sum of fifteen cents per hundred words for the original. In the event said transcript should be ordered made in narrative form, then such reporter shall make up same in duplicate in narrative form, and shall receive as compensation therefor the sum of twenty cents per hundred words for the original; provided, that in case any reporter charges more than the fees herein allowed he shall be liable to the person paying the same a sum equal to four times the excess so paid."

Under the above article, it is provided that the court reporter shall receive 15 cents per hundred words for the original where the transcript of the evidence is prepared in question and answer form and 20 cents per hundred words where it is prepared in narrative form, and the two methods of preparation are specifically provided for.

Article 2239 provides:

"When a transcript is ordered in question and answer form, and filed with the clerk, the party appealing shall prepare or have prepared from said transcript so filed, a statement of facts in duplicate, which shall consist of the evidence adduced upon the trial, both oral and by deposition, stated in succinct manner and without unnecessary repetition, together with copies of such documents, sketches, maps and other matters used in evidence. Such statement of facts shall not be copied in the transcript of the clerk, but when agreed to by the parties and approved by the judge shall be filed in du-

plicate with the clerk, and the original thereof sent upon appeal as part of the record in the cause. Like procedure shall be followed if the statement of facts is prepared independently by the parties and agreed to and approved by the judge or prepared by the judge on the failure of the parties to agree. When a statement of facts is made at the request of a party by the official court reporter, the fees therefor shall not be taxed as costs."

It will be noted that article 2239, among other things, provides:

"When a statement of facts is made at the request of a party by the official court reporter, the fees therefor shall not be taxed as costs."

Now a careful reading of the two articles, 2238 and 2239, shows that there is a distinction between a statement of facts and a transcript of the evidence. Strictly speaking, the statement of facts, as such, is not charged as costs in the case; but, where the transcript of the evidence is made up by the reporter in narrative form, and certified to by him, and is agreed to by both parties as the statement of facts, then such an instrument would be both a *transcript of the evidence* in narrative form and a *statement of facts*. In such a case the fee of a reporter at 20 cents per hundred words for the narrative transcript of the evidence would be taxed as cost. Revised Civil Statutes of Texas 1925, art. 2238; Irving v. Fort Worth State Bank (Tex. Com. App.) 276 S. W. 899. Under such circumstances, the item is taxed as costs because it is a transcript of the evidence, and not because it is a statement of facts.

Furthermore, article 2239 provides in the beginning that, when a transcript of the evidence is ordered in question and answer form, and filed with the clerk, the party appealing shall prepare or have prepared from such transcript so filed, *a statement of facts* (italics ours) in duplicate, etc. An examination of article 2239 certainly discloses that it was the purpose and intent of the Legislature to provide for the preparation and filing of a separate statement of facts in narrative form, made from the transcript of the evidence, where such transcript is filed in question and answer form. In such a case the cost of the transcript of the evidence in question and answer form should be taxed as costs, and the narrative statement should not be taxed. In fact, when the question and answer transcript has been made up and filed, it is not required that the official reporter shall make the narrative statement of facts.

Where the transcript of the evidence is made up by the court reporter in narrative form only, and is agreed to by the parties, and filed and approved by the court as a statement of facts, then the narrative transcript of the evidence, and the statement of facts become one and the same thing, and

the costs thereof, at 20 cents per hundred words, should be taxed as cost in the case as a narrative transcript of the evidence.

The statement of facts in this case shows that it is certified to by Tom L. Robertson, official court reporter, as a true and correct statement of facts at said trial. Said statement of facts, containing said certificate by said reporter, also shows to be agreed to by both parties to this suit as the statement of facts in this case, and it is also approved by the trial judge. The transcript under "bill of costs" contains the following item: "Court reporter's fee for statement of facts, $107." The judgment of the Court of Civil Appeals decrees as to costs.

[1, 2] Under such a state of the record, we will presume, in the absence of anything in the record to the contrary, that the transcript of the evidence in narrative form and the statement of facts are one and the same thing. Pullman Co. v. Hayes (Tex. Com. App.) 271 S. W. 1108; Hanson v. Ponder (Tex. Com. App.) 5 S.W.(2d) 767. It is presumed that a sworn public official has done his duty, where there is nothing in the record to show the contrary.

[3, 4] It follows from what we have said that, when the statement of facts is prepared in question and answer form, the costs thereof at 15 cents per hundred words should be taxed as costs. When the transcript of the evidence is prepared in narrative form, and no question and answer transcript is prepared, the costs thereof should be taxed as costs at 20 cents per hundred words. It is the purpose and intention of the Legislature to tax as costs the cost of the transcript of the evidence in one of the forms prescribed, but not in both.

Furthermore, we are of the opinion that all of the questions raised in this case have been foreclosed and decided in the case of Chas. Hanson v. Ponder, Receiver (Tex. Com. App.) 5 S.W.(2d) 767. In fact, we have examined the original record in that case, and compared same with the record in this case, and the two records, with reference to the matters herein involved, are in substantially the same condition, and the Supreme Court itself, in passing upon the opinion of the Commission in that case, says:

"Since an examination of the record discloses that the parties agreed to a stenographic report of the evidence in narrative form, and that the amount paid therefor is what has been taxed as costs, the motion to retax is granted" (Irving v. Fort Worth State Bank [Tex. Com. App.] 276 S. W. 899) "and the item of $140.00 is ordered taxed against defendants in error, except Sumner-Sollitt Company."

Since article 2056 provides that the successful party shall recover his costs, and since under article 2238 the amount paid for the transcript of the evidence in narrative form is clearly costs, where no question and

answer form has been prepared, and since the record in this case does not disclose that any question and answer form has been prepared, or filed, and since the item of $107, court reporter's fee for statement of facts, so far as the record before us is concerned, is certainly the fee for a transcript of the evidence in narrative form, and is properly taxed, we recommend that the motion to re-tax the cost be overruled.