## McGUIRE v. OSAGE OIL CORPORATION et al.

### Motion No. 10914; No. 6016.

Commission of Appeals of Texas, Section A. Dec. 30, 1933.

For prior opinion, see 55 S.W.(2d) 535.

McFarlane & McFarlane and F. V. Hinson, all of Graham, and John D. McComb, of Jacksboro, for plaintiff in error.

Cantey, Hanger & McMahon, of Fort Worth, and Vinson, Elkins, Sweeton & Weems, of Houston, F. T. Denny, of Fort Worth, and Tom Fletcher, of Houston, for defendant in error.

CRITZ, Judge.

There is on file with the record in this case a narrative statement of facts. This document appears to have been duly prepared and certified to by the official court reporter. It is also duly agreed to by all parties to the suit as a true, accurate, and complete transcript of all of the evidence adduced at the trial. It is also duly approved by the trial judge. This document was filed in the district court on July 3, 1930, and in the Court of Civil Appeals on July 15, 1930. This narrative statement of facts was filed in compliance with the statutes in force at the time. The proper charge under article 2238, R. C. S. of Texas 1925, for the above narrative statement of facts, was about $70.-57, being 20 cents per hundred words.

There also appears on file in this case a Q. and A. transcript of the evidence, which is duly certified to by the official court reporter.

This document was filed in the district court on July 3, 1930. It is not agreed to by any of the parties and is not approved by the trial judge.

The "Bill of Costs" appearing in the district court transcript contains the following item: "Statement of Facts ...... $235.00."

From the above it is plain to us that both the narrative statement of facts and the Q. and A. transcript of the evidence have been taxed as costs in this case. Also by the judgment of this court said amount was adjudged against H. B. McGuire.

With the record in the above condition, McGuire has filed in the Supreme Court a motion to retax costs so as not to allow any judgment against him for fees to the district court stenographer for making up Q. and A. transcript of the evidence.

Under the law in force at the time this case was tried and this appeal perfected, only the narrative statement of facts should have been charged as an item of costs in the case. Burks v. Neutzler (Tex. Com. App.) 7 S.W. (2d) 65. The question of law here involved is fully discussed in the above case and it is unnecessary to discuss it further here.

We recommend that the motion to retax costs be granted, and that the item of $235 for statement of facts heretofore taxed be reduced to $70.57.