## SMITH v. SMITH.

No. 3484.

Court of Civil Appeals of Texas. Beaumont.
June 8, 1939.

Rehearing Denied July 19, 1939.

A. D. Dyess, of Houston, for plaintiff in error.

Chap. B. Cain and Thos. A. Wheat, both of Liberty, for defendant in error.

WALKER, Chief Justice.

On the 22nd day of May, 1933, plaintiff in error, Wm. Smith, hereinafter referred to as appellant, leased by contract in writing for a period of three years to Layle and Griffin, by specific description, a certain 10 acres of land in Liberty County, located on the Beaumont-Liberty Highway, about two miles east of the town of Liberty, with the option to the lessees of the right to renew and extend the lease for a period of two years. Appellant owned two acres adjoining the ten acres, which, with the improvements thereon consisting of 10 tourist cottages, was known as the ABC Park. Claiming that it was the mutual intent of the parties to include this two acres in the written lease, the lessees instituted in district court a suit for reformation; by the judgment entered therein the lease was reformed as prayed for, and the lessees were

granted an injunction perpetually enjoining appellant "from interfering with their use, possession, and enjoyment of the leased premises." Thereafter, on the 22nd day of December, 1933, Layle and Griffin, with appellant's written consent, assigned the lease to defendant in error, Mac B. Smith, hereinafter referred to as appellee, on condition that Layle and Griffin remain liable to appellant for any default in the payment of the monthly rentals. After appellee had taken possession of the leased premises, appellant brought suit in justice court, precinct No. 1, Liberty County, for forcible entry and detainer to regain possession of the leased premises; the case was appealed to county court of. Liberty County, and judgment was entered in favor of appellee. On the 19th day of March, 1937, appellee instituted this suit against appellant and his wife, praying for damages, actual and exemplary, on allegations that appellant had interfered with his possession, use and enjoyment of the leased premises, thereby causing him to suffer the damages prayed for. The case was tried to a jury at the January term, 1938, of the district court of Liberty County. The jury, answering special issues, found the following facts: Appellant prevented appellee from having the use and occupancy of that portion of the leased premises known as the ten tourist cottages, from the time he acquired the lease from Layle and Griffin to the date of the trial, the 17th day of March, 1938; and also that appellant prevented Layle and Griffin from having the use and occupancy of the ten tourist cottages from the date of the execution of the lease until the time they assigned it to appellee; from the date of the execution of the lease to the date of the trial, the ten tourist cottages had an "actual and reasonable rental value" of $50 per month; the property covered by the lease was not the homestead of appellant and his wife "at the time the lease in evidence" was executed—on that finding the jury did not answer the question submitting to them the issue of abandonment of the leased premises by appellant as a part of his homestead; in preventing appellee "from having the use and occupancy of the ten tourist cottages" appellant "acted in a malicious manner and with reckless disregard" of appellee's rights; exemplary damages were assessed by the jury at $2,500, of which sum appellee remitted $500. The court found, on the verdict of the jury, that appellee suffered actual damages in the sum of $2,800; it was further found by the recitals in the judgment that "the evidence amply supports the jury's verdict and that all issues not submitted to the jury should be resolved" in appellee's favor. Layle and Griffin were made parties to the suit and, on appellant's count for damages by way of cross action for unpaid rents, the court found that he should recover against appellee and Layle and Griffin $1,050, which amount the court credited against the damages found in appellee's favor by the jury after the remittitur by appellee, and entered judgment in favor of appellee against appellant for the sum of $3,950. The court further found that appellee was "a mortgagee in possession," and granted him a lien against the leased premises "in accordance with Art. 5236, of the R. C. S. of 1925, to secure him in the payment of said sum and all remedies necessary to the assertion and foreclosure of the said lien." From the judgment entered on the jury's verdict, appellant has duly prosecuted his appeal to this court.

We sustain the assignment that the finding of the jury that the leased premises did not constitute a part of appellant's homestead at the time of the execution of the lease is without support in the evidence; all the evidence, as we understand it, is to the effect that the leased premises, in fact, constituted a part of appellant's homestead. We doubt that the issue of abandonment was raised by the evidence, but that issue was submitted to the jury conditionally, without exception by appellee, and was not answered.

We overrule appellant's assignment that the evidence is insufficient to support the finding that he interfered with the use and occupancy by appellee of the ten tourist cottages. The evidence abundantly supports that finding, and the finding that he was guilty of malice and acted "in a malicious manner and with reckless disregard of the rights" of appellee in keeping him out of possession.

We also overrule the contention that the evidence was insufficient to support the jury's finding on the issue of "the actual and reasonable rental value" of the cottages. Appellee concedes that the evidence did not raise the issue of "market rental value." But there was abundant evidence to the effect that, in fact, the cottages had a rental value; two of the cottages could have been rented for $40 per month; at the time appellee was entitled to possession, one of the cottages was being used by a doctor as an office; at one time more than 30 per-

sons came to appellee to rent the cottages; day by day, 10 and 20 persons stopped at the cottages asking for accommodation.

There is no assignment that the exemplary damages were excessive. Appellant asserts by his "third additional proposition" that the amount of the actual damages was excessive, but makes no statement in support of his proposition, nor does he suggest to what extent the amount was excessive.

██ Appellant asks that the judgment of the lower court be reversed and judgment here rendered for him on two grounds:

First: On trial of the forcible entry and detainer suit in the county court, appellee filed a written answer, wherein, as a defense, he plead the very damages in issue in this case. Appellant now asserts that the judgment in the forcible entry and detainer suit is res adjudicata of the issues in the case at bar. That contention is overruled. In county court a special exception, urged by appellant to appellee's written answer, was sustained; on trial of the case at bar, the district court sustained appellee's exceptions to the introduction of his answer as filed in the county court.

██ Second: Under this proposition appellant contends that, by filing the suit in district court for reformation of the lease contract and by praying for and securing an injunction perpetually enjoining appellant from interfering with his lessees in their use and enjoyment of the leased premises, the lessees made an election of remedies, and that appellee, as assignee of the lease, is bound by their election. The point made is that Layle and Griffin had two remedies: One to sue appellant for damages for interfering with their possession, and the other for an injunction to restrain him from interfering with their possession. Having prayed for the injunction which was awarded them, appellant asserts that the judgment constitutes an election of remedies. The contention is denied. Appellee was not barred from his action for damages by the injunctive relief. Election of remedies, briefed by appellant, was not put in issue by the facts. True, appellee could have moved in the district court that appellant be committed for contempt for violating the injunction, but that remedy, under the judgment, was merely cumulative of his right to sue for the damages flowing out of the wrong committed against him by appellant, subsequent to the entry of the judgment. We have been cited to no Texas case directly in point; Orra Perdue et al. v. Sam Ward

et al., 88 W.Va. 371, 106 S.E. 874, 876, 14 A.L.R. 539, seems to be on all fours with the facts of this case. The opinion in that case is most interesting; denying the contention now advanced by appellant, the court said: "We conclude that the decree in the injunction suit is not a bar to the present suit for damages."

From what we have said, it follows that the judgment of the lower court, awarding appellee actual and exemplary damages in the sum of $3,950, should be affirmed; that the judgment of the lower court, in so far as it created a lien against appellant's homestead to secure appellee in the collection of his damages, must be reversed and judgment here rendered in favor of appellant that his homestead be released from the lien; and it is accordingly so ordered.

Reformed and affirmed.