## SMITH et ux. v. SMITH et al.

### No. 3484.

Court of Civil Appeals of Texas. Beaumont.

Jan. 17, 1940.

A. D. Dyess, of Houston, for appellants.

Cain & Wheat, of Liberty, for appellees.

WALKER, Chief Justice.

Our opinion in this case, reported Smith v. Smith, 130 S.W.2d 1096, reforming and affirming the judgment of the lower court, was filed on the 8th day of June, 1939. The judgment taxed all costs against appellees. Motion for rehearing was overruled on the 19th day of July, 1939. Appellants' petition for writ of error was dismissed by the Supreme Court on the 4th day of October, 1939. Mandate issued to the district clerk of Liberty county, from which the appeal was prosecuted, the 2nd day of November, 1939. Mandate was recalled on the 4th day of December, 1939, on appellants' statement to this court that appellees had not paid all costs taxed against them—the point made was that an item of $55 taxed in the transcript had not been paid and that a second item of $254 for preparing the statement of facts, not taxed in the transcript, had not been paid. Appellees have paid the item of $55 taxed on the transcript, but resist appellants' motion that this court tax as cost the item of $254 for preparing the statement of facts, on the ground that the motion was filed too late. On authority of Houston & T. C. R. Co. v. Montgomery, Tex.Civ.App., 189 S.W. 350, we sustain appellees' contention. The facts in that case are on all fours with the facts before us; the court said: "On a former day we rendered judgment in this case reversing and remanding the same. The clerk taxed the costs against the appellee, as shown by the record. Appellant has filed a motion to retax the costs, and attached thereto a certified bill of costs showing stenographer's report and statement of facts $207, which was not shown by the certified bill of costs in the original record. Appellant asks us to recall our mandate and to tax this cost against appellee. Of course, the appellant, having been successful on the appeal, is entitled to recover the costs of such appeal in a proper proceeding in a proper tribunal; but appellant's motion asking us to recall the mandate and retax this cost is, in effect, a motion for certiorari to correct the judgment. The appellant should have seen to it that the bill of costs was correct in the first instance, and it had 30 days after filing the record in this court in which to ask for certiorari to correct the same. Under these circumstances we do not feel called upon to recall the mandate and amend our judgment herein."

Pullman Co. v. Hays, 114 Tex. 490, 271 S.W. 1108, cited by appellant, is not in point. That case simply construes an item of cost taxed in the transcript; and the item in issue before us was not taxed in the transcript.

Answering the proposition announced by the court in the Montgomery case, supra, appellants contend that they were not guilty of laches. This contention is denied. Appellants received the transcript from the clerk of the district court and filed it in this court on the 8th day of November, 1938; the transcript did not contain the item of costs in issue. And it was their duty to examine their transcript at the time they received it from the clerk for the purpose of having errors and omissions corrected. They filed their brief in this case on the 18th day of April, 1939, showing that they must again have had the transcript in their possession, with full opportunity

to examine it. They did not discover the error in taxing the costs until after our mandate issued on the 2nd day of November,. 1939. It is no excuse that, answering appellants' inquiry of the 26th of October, 1939, appellees' attorney, on November the 11th, 1939, advised appellants that the costs had been paid, and that appellants did not discover that the item in issue had been omitted from the costs taxed by the clerk of the district court until subsequent to November 11, 1939. With all available data before them, appellants did not discover the error in taxing the costs until one year after they received the transcript from the clerk, and there is no explanation of this oversight on their part.

 It was the duty of the clerk of this court to issue the mandate when the costs certified by the clerk of the trial court were paid. It was not his duty to examine the record to determine whether or not certain items had been omitted.

The motion to retax costs is overruled and our clerk is directed to issue the mandate upon request of either party.