**HANSON v. PONDER, et al.     (Motion No. 7895; No. 997–4866.)**

Commission of Appeals of Texas, Section A. March 7, 1928.

Railroads ⊚⇒282(9)—Contributory negligence of workman unloading cars for employer held for jury in suit against railroad for injuries.

*Contributory negligence of workman in suit against railroad for injuries sustained while unloading logs held for jury, under evidence showing workman was directed in general way by employer to go upon car, and that some of the acts immediately before the load began to roll were done by other workers, and that workman was not cognizant of any particular danger.*

On motion for rehearing. Rehearing denied. For former opinion, see 300 S. W. 35.
See, also, 293 S. W. 219.

James M. Taylor and E. B. Ward, both of Corpus Christi, for plaintiff in error.
Kleberg & North and Boone & Savage, all of Corpus Christi, and Mason Williams, of San Antonio, for defendants in error.

NICKELS, J.   Plaintiff in error has filed motion for rehearing in respect to the matter of Sumner-Sollitt Company's liability and the effect of receipt of payments under the Workmen's Compensation Law. Defendants in error have filed motion for rehearing in respect to all other matters.

We have reconsidered all questions involved in the light of the motions and arguments made therein. Nothing is presented that was not originally considered, and we adhere to the views formerly expressed.

In the original opinion we did not particularly notice the contention that Hanson was guilty of contributory negligence as a

matter of law in respect to which, it is said, there was requisite proximity of causation. That question is represented with the addition of Anderson v. Southern Ry. Co. (C. C. A.) 20 F. (2d) 71, as authority, and we will discuss it briefly.

In general, it may be said that the proof which made issuable negligence as charged to the carriers would include indication of an issuable nature, also, for Hanson's asserted negligence. In addition, there is evidence of his being directed in a general way by his superiors to go upon the car and load and do what he did do, that some of the acts done immediately before the load began to roll were done by other workers, and that, as a fact, he was not cognizant of any particular danger.

Anderson v. Southern Ry. Co. is readily distinguishable on the facts. It was "admitted" there that the "load," etc., was made to conform to rules of the "American Railway Association," and here that point is issuable (as shown in the original opinion); there, all of the wires were cut under positive directions of the man who was killed while he was on top of the "load"—that command being given by him despite warning of danger then expressly given him by the man who was ordered to cut the wires and to which he responded (in effect) that he would take the chances—while no comparable hypothesis exists (at least, is not conclusively established) in the evidence here. The fact conditions which existed there (as shown by admissions or "uncontradicted" evidence), and which, as noted, do not exist here, exerted great force (as is apparent in the opinion) to impel the decision made—if, indeed, the conclusion there reached does not rest in its entirety upon those conditions.

We recommend that the motions for rehearing be overruled.