## HANSON v. PONDER et al.
### (Motion No. 8055; No. 997–4866.)

Commission of Appeals of Texas, Section A.
May 2, 1928.

1. Costs ⬅️264—Cost of statement of facts held prima facie taxable and within Court of Civil Appeals' adjudication that appellant "pay all costs," and hence matter for adjudication by Supreme Court.

Prima facie, at least, item of costs included in transcript, "Statement of Facts—$140," was properly taxable and included within adjudication by Court of Civil Appeals that appellant "pay all costs," and hence is a matter for adjudication by Supreme Court on motion to retax costs after reversal and remand.

2. Appeal and error ⬅️557—Appellant must procure statement of facts and pay or become liable therefor in first instance.

Appellant being moving party on appeal, it became his duty to procure statement of facts, listed as item of costs in transcript, and pay or become liable therefor in first instance.

3. Costs ⬅️254(5)—Amount paid for stenographic report of evidence in narrative form held taxable against defendants in error as to whom judgments were reversed.

Amount paid by plaintiff in error for stenographic report of evidence in narrative form, to which parties agreed, held taxable as costs against defendants in error as to whom judgments of trial court and Court of Civil Appeals were reversed.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Charles Hanson against A. R. Ponder, receiver, and others. A judgment for defendants and a judgment of affirmance by the Court of Civil Appeals (293 S. W. 219) were reversed as to all except one defendant, and the cause remanded by the Supreme Court (300 S. W. 35), and plaintiff moves to retax the costs. Motion granted.

James M. Taylor and E. B. Ward, both of Corpus Christi, for plaintiff in error.

Kleberg & North and Boone & Savage, all of Corpus Christi, and Mason Williams, of San Antonio, for defendants in error.

NICKELS, J, Judgment on verdict instructed in favor of all defendants was rendered against Hanson in the trial court. Upon his appeal, the judgment was affirmed (March 2, 1927) by the Court of Civil Appeals, 293 S. W. 219. Upon writ of error allowed, the judgments of both courts were reversed, as to all defendants in error except Sumner-Sollitt Company, and the cause was remanded by the Supreme Court November 30, 1927. 300 S. W. 35. Motions for rehearing were overruled March 7, 1928. (Tex. Com. App.) 3 S.W.(2d) 426.

In the bill of costs certified by the district clerk and included in the transcript appears an item "Statement of Facts—$140." The judgment of. the Court of Civil Appeals includes a decretal that Hanson and sureties "pay all costs * * * expended and incurred," etc.

[1-3] Prima facie at least the item was properly taxable (Pullman Co. v. Hays [Tex. Com. App.] 271 S. W. 1108) and included within the adjudication made by the Court of Civil Appeals. It is a matter, therefore, for adjudication by the Supreme Court. Hanson was the moving party on appeal, and it became his duty to procure the statement of facts and to pay or become liable therefor in the first instance. In our opinion the item should be taxed against the defendants in error, except Sumner-Sollitt Company, and we recommend that his motion therefor be granted.

GREENWOOD and PIERSON, JJ. Since an examination of the record discloses that the parties agreed to a stenographic report of the evidence in narrative form, and that the amount paid therefor is what has been taxed as costs, the motion to retax is granted (Irving v. Ft. Worth State Bank [Tex. Com. App.] 276 S. W. 899), and the item of $140 is ordered taxed against defendants in error, except Sumner-Sollitt Company.