KING et al. v. GUERRA. (Motion No. 9890; No. 7830.)

Court of Civil Appeals of Texas. San Antonio. Jan. 23, 1929.

Rehearing Denied Feb. 20, 1929.

Joseph Ryan, T. D. Cobbs, Jr., and Martin J. Arnold, all of San Antonio, for plaintiff. George M. Clifton and Cunningham, Moursund & Johnson, all of San Antonio, for defendant.

SMITH, J. █ This cause was twice tried in the court below. In the first trial a motion for new trial was granted, and the judgment rendered as a result of that trial was set aside. No appeal was taken from that judgment. Notwithstanding this result, one of the appellants, the city of San Antonio, procured the official court reporter of the trial court to prepare a question and answer transcript of the evidence upon that trial, as well as of the evidence taken upon the hearing of the motion for new trial. The fees of the court reporter for preparing the transcript of the evidence upon the main trial amounted to $120, and for preparing the transcript of the evidence upon the motion for new trial, $42.75. These items were paid by the city of San Antonio, and were charged into the bill of costs certified to this court by the clerk of the trial court.

Upon a second trial, which went against the city of San Antonio and its codefendants, as well as the interveners, again the city procured a transcript of the evidence taken upon that trial, paid the reporter the fees therefor, and that item was likewise certified as part of the costs. From the judgment rendered upon the second trial the city and its codefendants, as well as the interveners, appealed to this court. The judgment of the trial court was by this court reversed and rendered in favor of the city and its codefendants, but affirmed against the interveners, and the costs of appeal, generally, were taxed against appellee, Guerra, and against the interveners as to the costs incurred by reason of their appeal. The appeal was disposed of finally in this court by an order overruling motions for rehearing, on December 5, 1927. Writ of error was applied for by appellee in the Supreme Court, and by it refused on March 17, 1928, and appellee's motion for rehearing in that court was overruled on April 11, 1928. The term of this court in which these proceedings were had ended on the first Monday in October, 1928.

On November 21, 1928, appellee filed a motion in this court to retax the costs, and to eliminate as part of the costs the fees paid by the city of San Antonio to the court reporter of the trial court for transcripts of the evidence taken upon the first trial in that court and upon the hearing of the motion for new trial, and to set aside the judgment rendered in the first trial.

We are clearly of the opinion that those fees were improperly taxed as costs in the case. The only authority in the statutes for the use of question and answer transcripts of evidence, and the assessment of the fees therefor as part of the costs in the case, is that granted in articles 2325, 2238, and 2239, R. S. 1925. And it is quite clear, from a reading of that statute, that it was not intended that such fees should be assessed as costs when there is no appeal from the judgment rendered as a result of the trial at which the transcribed testimony was taken. The purpose of the statute is to enable the parties to an appeal to prepare a statement of facts as part of the record on appeal. And where there is no appeal there can be no such need or use of the transcript of the evidence as would warrant the assessment of the expense thereof as a part of the costs. This is obvious. An appellate court is concerned only with the evidence adduced upon the trial resulting in the judgment appealed from; it is not concerned with the evidence adduced upon former mistrials of a cause. Any other rule would enable the parties to procure transcripts of the evidence taken in any num-

ber of mistrials, for their personal convenience, piling up costs beyond reason, and to no purpose other than the gratification of the particular litigant responsible for the unnecessary extravagance.

■ Appellants resist the motion upon the further ground that it comes too late; that since appellee failed in the original presentation to object to the imposition of these costs, and permitted the matter to progress without protest until after the application for and refusal of writ of error in the Supreme Court, and until after adjournment of the term of this court at which the appeal was disposed of, this court has not jurisdiction, power, or discretion to inquire into the matter of costs. It is true that appellee has exercised no diligence in the matter now presented. But we conclude that, inasmuch as the mandate of this court has not been issued, is yet to be issued, and may not be issued until the costs have been paid, this court has not lost control over the matter of costs, but may, in its discretion, exercise that control, not for the purpose of adjudicating the question of apportionment—for that question was settled in the decision and was not complained of by motion for rehearing—but for the purpose of striking improper items from the bill of costs. We conclude that the items complained of are so obviously improper that we ought to strike them from the bill, regardless of the lack of diligence of appellee in raising objections to them.

Accordingly the motion to retax will be granted, in so far as objection is made to the items of $42.75 and $120, stenographer's fees, and those items will be stricken from the bill of costs, and the clerk of this court is directed to issue execution against the parties assessed for the balance of the unpaid costs as shown by the bill as here corrected.