## RAGLAND v. CONE.

### No. 4863.

Court of Civil Appeals of Texas. Amarillo.

Feb. 28, 1938.

Rehearing Denied March 8, 1938.

Vickers & Campbell, of Lubbock, for appellant.

Lockhart & Brown, of Lubbock, for appellee.

STOKES, Justice.

On August 7, 1936, appellee, W. L. Cone, purchased from appellant, H. Clyde Ragland, a secondhand or used Hudson automobile, for which he traded in an old car at the agreed price of $75, agreed to pay, $177.40 in cash, and executed a note payable in monthly installments in the aggregate sum of $468. On September 27, 1936, the automobile was involved in a collision in which it was damaged to the extent of $160. Appellee had it repaired at an expense of $67, but, according to his testimony, it was repaired with secondhand parts and was not restored to its former condition. On November 30, 1936, appellant, claiming appellee was in arrears on his monthly installments, went to the home of appellee and, without his knowledge or consent, took possession of the car and placed it in storage. Shortly after this incident appellant began using the car and thereafter treated it as his own.

Appellee brought this suit in the county court against appellant for damages, alleging appellant had converted the car to his own use and benefit, and that its value was $600. He also alleged that at the time the car was taken by appellant it contained plans and specifications of a building which were of the value of $30, and that the plans and specifications, as well as the car, had been converted by appellant to his own use and benefit. Certain other allegations related to an insurance policy which he alleged appellant agreed to procure for him, the premium for which he alleged was included in the note which he had executed, and he also alleged the note was usurious; but, in the view we take of the case, the allegations concerning insurance and usury become immaterial. In the testimony of both parties and the manner in which the indebtedness was treated by them, and upon the trial, the insurance premium and all interest were ignored and the debt referred to as $381, which was the amount of principal, stripped of both the interest and insurance premium.

Appellant answered by general demurrer and general denial and prayed in the alternative that, if appellee should recover the value of the automobile, the same be offset by the amount of the debt of $381.

The case was submitted to the court without the intervention of a jury, and on the 9th of March, 1937, the court rendered judgment in favor of appellee for the sum of $250, from which appellant has appealed.

By his first assignment of error appellant attacks the judgment and asserts he was not guilty of conversion because appellee had not paid the note of $381 at the time the car was taken; that he was in arrears on the installments and, under the terms of the chattel mortgage executed by appellee to secure the debt of $381, appellant had the right to repossess it.

■ "Conversion," as that term is used in the law, consists in the unlawful and wrongful exercise of dominion or control by one person over the property of another to the exclusion of the exercise of the same rights by the owner. France v. Gibson, Tex.Civ.App., 101 S.W. 536; McCarthy v. North Texas Loan Co., Tex.Civ.App., 101 S.W. 835.

■ The chattel mortgage executed by appellee authorized appellant to repossess himself of the car and sell it at either public or private sale and apply the proceeds to the cost and expenses of making the sale and to the discharge of the indebtedness which it was given to secure. The uncontradicted evidence shows that, instead of selling the automobile and applying the proceeds to the payment of the debt, appellant appropriated it to his own use and made no effort to comply with the provisions of the chattel mortgage. He permitted it to be driven to Dallas and he and his employees used it in his business and he had permitted the cylinder head to be removed and placed upon another car. At no time did he advertise it for sale or make any effort to comply with the provisions of the chattel mortgage with reference to the disposition he should make of the car after he repossessed it. This unauthorized exercise of dominion over the car unquestionably constituted conversion for which he became liable to appellee in such sum of money as the automobile was worth at the time he took possession of it. Appellant's first assignment of error is, therefore, overruled. Harling v. Creech, 88 Tex. 300, 31 S.W. 357; Sabine Motor Co. v. English Auto Co., Tex.Com.App., 291 S.W. 1088.

■ By his third assignment of error appellant complains of the action of the trial court in holding him liable as for conversion of the plans and specifications. Appellee and his son both testified the plans and specifications were in the car the night before it was taken and also the morning it was taken shortly before appellant took possession of it. Appellant and another witness testified the plans and specifications were not in the car at the time it was taken. They were never found. While there were no findings of fact nor conclusions of law filed by the trial court, he evidently found against appellant on the issue concerning the plans and specifications and, there being evidence in the record to support such finding, we are not authorized to disturb it. Appellant's third assignment of error is, therefore, overruled.

By his second assignment of error appellant contends the judgment is excessive, at least to the extent of $26. If appellant were guilty of converting the automobile as alleged by appellee, he was liable to appellee for its value at the time of such conversion. We have held that his taking possession of the car in the manner in which he did and retaining possession of it as shown by the evidence constituted conversion. Appellee testified that immediately before the automobile was involved in the collision, its value was $600, and that the repairs which he placed upon it did not restore it to its former condition. He said the parts used for its repair were secondhand parts; that a straight axle instead of the knee-action variety was placed in it; that the damage to one of the doors was not repaired and the parts replaced in the car after the collision, being used or secondhand parts, were not as good as new parts would have been. Appellant took possession of the car after the collision and after it had been repaired. Notwithstanding appellee's testimony concerning the nature of the repairs and the secondhand parts used in repairing it, he testified that, at the time appellant took possession of it, it was still worth around $600.

■ C. A. Hubbard qualified as an expert upon the value of used automobiles, and he testified that the reasonable market value of the car at the time appellant took possession of it was $575. The trial court evidently took the estimate of appellee in arriving at its value. In view

of appellee's estimate of its value before the collision, which he said was $600, and his admission that the car was not restored to its former condition by the repairs that were made upon it after the collision, we do not believe the trial court was warranted in accepting as the true and correct value of the car after it had been repaired the estimate of appellee which placed its value at the same figure which he claimed it was worth before the collision. The testimony of the witness Hubbard, therefore, is the only evidence shown by the record which reasonably could form the basis of the value of the car at the time it was taken by appellant. He placed its value at $575, and to this should be added the value of the plans and specifications which was alleged to be $30, making a total of $605, the value of all the property involved in the conversion. From this should be taken the amount of the indebtedness owing by appellee to appellant of $381. This leaves a balance of $224 for which the judgment should have been rendered.

The case seems to have been fully developed upon the trial, and the judgment being excessive to the extent indicated, it will be affirmed upon condition that the appellee, within ten days, files a remittitur in the sum of $26; otherwise, the judgment will be reversed and the cause remanded.

Affirmed upon condition of remittitur.