## RAGLAND v. CONE.
### No. 4863.

Court of Civil Appeals of Texas. Amarillo.
June 13, 1938.

Vickers & Campbell, of Lubbock, for appellant.

Lockhart & Brown, of Lubbock, for appellee.

STOKES, Justice.

This cause was decided by this court and affirmed upon condition of a remittitur on the 28th of February, 1938, 114 S.W.2d 620. On May 11, 1938, appellant filed a motion for rehearing which was overruled. The remittitur was duly filed and, upon payment of the costs, minus an item of $69 hereinafter discussed, the mandate was issued and forwarded to the clerk of the trial court. Upon filing in this court by the appellee of a motion to re-tax the costs and eliminate the item of $69, the mandate was stayed and the case is now before us upon the motion to re-tax the costs.

The transcript, which was duly filed when the appeal was perfected, contains the bill of costs which shows an item of $69 for statement of facts, following which is the certificate of the clerk of the trial court, in due form, to the effect that it is a true and correct transcript of the record of all the proceedings had in that court.

The statement of facts is in question and answer form, consists of 137 pages and is certified to by C. H. Smith, Official Reporter 72nd District. It is approved by counsel for both appellant and appellee and approved and ordered filed as part of the record by J. J. Dillard, Judge Presiding. Neither the statement of facts nor the item of cost therefor was questioned when the case was submitted and, when the motion to retax the costs was submitted, it was dismissed per curiam upon the authority of Texas Bank & Trust Co. v. Teich, Tex.Civ.App., 286 S.W. 577, Raley v. Magendie, Tex.Civ.App., 116 S.W. 1198, and Gulf, C. & S. F. Ry. Co. v. Jagoe, Tex.Civ.App., 40 S.W. 187.

In his answer to appellant's motion to recall the mandate and include in the bill of costs in this court the item of $69 for the statement of facts, appellee insists that the item is not a proper one and cites us to

the case of King v. Guerra, Tex.Civ.App., 13 S.W.2d 908, wherein it is held, in effect, that, although coming too late, the motion to retax the costs and strike an item therefrom would be considered, because the item was so obviously improper the lack of diligence of appellee would be ignored.

In view of the insistence of appellee and his manifest sincerity in his contention that the motion to retax ought to have been granted, we have again examined the record.

■ The case was tried in the county court and, under our statutes, that court is not provided with a regular, official court reporter. Article 2327, R.C.S.1925, makes proper provision for such an official reporter, however, in any civil case when applied for by either party to the suit. It is provided that he shall be appointed by the judge and shall take the oath required of official court reporters. The transcript in this case is in regular form and contains the bill of the costs, which includes the item of $69 for the statement of facts. This is in keeping with the usual practice in such matters and the bill of costs is a part of the official transcript. Art. 2281, R.C.S.1925, Vernon's Ann.Civ.St. art. 2281. The statement of facts was prepared and certified to by the reporter and approved by counsel for both parties to the suit. It was also approved by the trial judge and ordered filed as part of the record. Under these conditions, it is presumed the stenographer or reporter who reported the case was duly and regularly appointed and that he took the oath as required by the statute.

Appellee attaches to his motion to retax the costs the certificate of the county judge who presided at the trial to the effect that no request was made of him by either party to the suit to appoint a stenographer to report the testimony and that the oath required of official court reporters was not taken in this case by the stenographer who reported the testimony. He also attached a certificate of the clerk of the court who prepared and certified to the transcript to the effect that there is not on file nor in the records of his office anything which shows a request by either party to the suit for the appointment of a stenographer to report the testimony and no record of the oath having been taken by the stenographer who reported the testimony in this case.

■ Under the statute, Art. 1822, this court has power to ascertain the status of its jurisdiction of a case coming to it upon appeal and it has not hesitated, nor will it hesitate, to consider matters outside of the record to aid it in properly considering such question; but it has no authority to consider matters dehors the record nor to hear evidence aliunde which pertain to ordinary questions involved in cases before it that have nothing to do with its jurisdiction. Moreover, the transcript in a case on appeal imports verity and cannot be impeached nor contradicted by evidence dehors the record. The trial judge approved the statement of facts and ordered it filed as part of the record on appeal. Counsel for both appellant and appellee approved it and the clerk of the trial court filed it as part of the record. In addition, the clerk entered the stenographer's fee as part of the cost bill in the case, included it in the transcript and certified to its correctness. The certificates of the trial judge and the clerk attached to the motion constitute attacks upon the transcript as well as the genuineness of the statement of facts. Under long established rules of procedure in this state, such attacks are ineffective and this court is without authority to consider them. Hamilton v. Saunders, 37 Tex.Civ.App. 141, 84 S.W. 253; Paris v. Du Bose, 27 Tex. 6; King v. Summerville, Tex.Civ.App., 80 S.W. 1050; Albright v. Corley, 40 Tex. 105, 106; Dennis v. Kendrick, Tex.Civ.App., 163 S.W. 693; Sumrall v. Russell et al., Tex.Civ. App., 262 S.W. 507.

The case of King v. Guerra, supra, cited and relied upon by appellee, is not analogous to the situation presented here for the reason that the erroneous inclusion of the item of cost sought to be stricken was shown in the transcript and official record before the court in that case and its improper inclusion in the bill of costs did not depend upon certificates, affidavits or other matters aliunde.

■ A re-examination of the record and consideration of the motion to retax has confirmed our previous views that the motion to retax comes too late. In addition, it is our opinion that the transcript, which includes the bill of costs, cannot be impeached in the manner attempted by the motion. The motion of appellant to recall the mandate will be granted, the mandate recalled and cancelled. Alias mandate is ordered to issue when the costs are paid, including the item of $69.00 for the statement of facts. Randals v. Green, Tex.Civ.App., 273 S.W. 978. The motion to retax the costs and eliminate the item mentioned is in all things overruled.