OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Temple Shell
County Attorney, Wichita County
Wichita Falls, Texas

Overruled by O-6958

Dear Sir:

Opinion No. O-6227
Re: Whether the County Judge
of Wichita County has the
legal authority to appoint
a Court Reporter for the
County Court.

Your letter of September 11, 1944, requesting the opinion of this department on the question stated therein is, in part, as follows:

"Article 2328C of Vernon's Civil Statutes of Texas provides that the District Judge and the County Judge may fix the salaries of the Court Reporter in their respective Courts not more than $2700.00, nor less than $2400 a year. Under Article 2321 it provides for the appointment of a Court Reporter for the District Judge but it does not provide for the Reporter of a County Court. We would like to know whether or not the County Judge of Wichita County has authority to appoint a Court Reporter? * * *"

Generally speaking, the appointment of court stenographers or official court reporters is regulated by the statutes. Article 2321, Vernon's Annotated Civil Statutes, provides, in part:

"Each district and criminal district judge shall appoint an official court reporter who shall be a sworn officer of the court and shall hold his office during the pleasure of the court. * * *"

This statute does not authorize county judges to appoint court reporters for the county court.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 2326q Vernon's Annotated Civil Statutes, reads, in part, as follows:

"The official shorthand reporter of each judicial district in this State and the official shorthand reporter of any county court, either civil or criminal, in this State, where the compensation of such reporter of such county court or judicial district, is not otherwise provided by special law, shall receive a salary of not more than two thousand seven hundred dollars ($2700.00) per annum, nor less than two thousand four hundred dollars ($2400.00) per annum, such salary to be fixed and determined by the district or county judge respectively of the court wherein such shorthand reporter is employed, in addition to the compensation for transcript fees as provided for by law. Said salary shall be paid monthly by the Commissioners Court of the county out of the General Fund of the county, or in the discretion of the Commissioners Court, out of the jury fund of said county, upon the certificate of the Judge of such District or County Court. * * *"

The foregoing statute authorizes the County Judge to fix the compensation of a shorthand reporter of any county court in the amount authorized by said statute where the compensation of such shorthand reporter of a county court is not otherwise provided by special law. This statute does not expressly authorize the county judge to appoint an official shorthand reporter for a county court. It might be said that the county judge has the implied authority under this statute to appoint an official shorthand reporter for a county court as said statute authorizes the county judge to fix the compensation of such an official shorthand reporter, where the compensation of such reporter is not otherwise provided by special law. We do not believe that the county judge has the implied authority under this statute to appoint an official shorthand reporter for a county court for reasons hereinafter stated.

Article 2327, Vernon's Annotated Civil Statutes, provides:

"When either party to a civil case pending in the county court or county court at law applies therefor, the judge thereof shall appoint a competent stenographer, if one be present, to report the oral testimony given in such case. Such stenographer shall take the oath required of official court reporters, and shall receive not less than five dollars per day, to be taxed and collected as

costs. In such cases the provisions of this title
with respect to the preparation of the statement of
facts, the time to be allowed therefor, and for the
presentation to the opposite party, and the approv-
ing and filing thereof by the court, shall apply to
all statements of facts in civil cases tried in said
courts, and all provisions of law governing statement
of facts and bills of exception to be filed in district
courts and the use of same on appeal, shall apply to
civil cases tried in said courts."

Articles 2327b and 2327b-1, Vernon's Annotated Civil
Statutes, create and establish the office of court reporter of
county courts in counties coming within the population bracket
mentioned in said statutes. Wichita County has a population of
73,640 inhabitants according to the 1940 Federal Census. It is
apparent that the population of Wichita County is such that said
county does not come within the population bracket mentioned in
Articles 2327b and 2327a-1; therefore, said statutes are not ap-
plicable to Wichita County. It is to be understood that we ex-
press no opinion as to the constitutionality of said Articles
2327b and 2327a-1.

The passage of Articles 2327b and 2327b-1, by the Legis-
lature, indicates that the Legislature was of the opinion that a
county judge did not have the authority to appoint a court reporter
for the county court unless authorized by statute.

In the case of Ragland v. Cone, 118 S. W. (2d) 1098, the
Court of Civil Appeals of Texas, Amarillo, among other things, had
under consideration Article 2327. This was a case appealed from
the Lubbock County Court and Judge Stokes, speaking for the Court
in the above mentioned case, said:

"The case was tried in the county court and, under
our statutes, that court is not provided with a regular,
official court reporter. Article 2327, R. C. S., 1925,
makes proper provision for such an official reporter,
however, in any civil case when applied for by either
party to the suit. It is provided that he shall be ap-
pointed by the judge and shall take the oath required
of official court reporters. * * *"

We have made a careful search of the statutes and fail to find any statute authorizing the appointment of a regular official court reporter for the county court of Wichita County. Several of the acts creating county courts at law (Article 1970-329) empower and authorize the judges of said courts to appoint official short-hand reporters for such courts. The Thirty-sixth Legislature, 1920, at its Third Called Session, created a court to be held in Wichita County, to be called the "County Court of Wichita County at Law." (Article 1970-153-Article 1970-166) Article 1970-166 authorized the judge of the County Court, Wichita County, at Law to appoint an official shorthand reporter for such court. Article 1970-166a, enacted by the 43rd Legislature, 1933, Special Laws, page 86, Chapter 65, transferred the jurisdiction of the Wichita County Court at Law to the Wichita County Court. Section 2 of this Act provided that the Act would have no force and would not disturb the operation of the County Court of Wichita County at Law until after January 1, 1935.

In answer to your question, you are respectfully advised that it is the opinion of this department that the County Judge of Wichita County does not have the legal authority to appoint a court reporter for the County Court of said County.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

ATTORNEY GENERAL OF TEXAS

AW:EP

