### AETNA INS. CO. v. AVIRITT et al.

No. 2708.

Court of Civil Appeals of Texas.
Tenth District. Waco.

May 8, 1947.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellant.

Jack C. Altaras and J. K. Russell, both of Cleburne, for appellees.

TIREY, Justice.

This cause was decided by this court and reversed and rendered on January 30, 1947, in favor of appellant and all costs taxed against appellees. Thereafter appellees seasonably filed motion for rehearing in this cause and this motion was overruled on February 13, 1947. On April 21, 1947, appellees filed in this court their motion to retax in part the costs. This motion sets out the various items of costs and states that all of the costs have been paid by appellees except the stenographer's fee for the statement of facts in the amount of $27, and states in part: "This case having originated in the County Court no Court Reporter was available as a matter of law to record the proceedings in this case and the Aetna Insurance Company (appellant) made the arrangements for hiring a Court Reporter and hired a Court Reporter and paid the Court Reporter as shown by the records of the County Court of Johnson County. It is not believed that this stenographer's fee for his services should be taxed against Mrs. B. A. Aviritt. It is pointed out that this fee of $27.00 has been paid to the County Clerk of Johnson County and constitutes a duplication of the bill of costs * * *."

Appellees attach to their motion an itemized statement of the costs incurred in the county court, which shows the statement of facts fee of $27 charged therein, and the certified copy of the costs by the County Clerk shows that all costs in the county court have been paid in full.

This case was tried in the county court and under our statutes that court is not provided with a regular official court reporter. Article 2327, Revised Civil Statutes of 1925, makes proper provision for such an official reporter, however, in any civil case when applied for by either party to the suit. This article provides that the court reporter shall be appointed by the judge and take the oath required of official court reporters. We find the statement of facts here was in question and answer form and was prepared and certified to by Homer F. Wicker, a court reporter, and was approved by counsel for appellant and appellees. It was also approved by the trial judge and ordered filed as part of the record. Under these conditions, it is presumed the reporter who reported the case was duly and regularly appointed and that he took the oath as required by the statute. Ragland v. Cone, Tex.Civ.App., 118 S.W.2d 1098.

Under the authority of Ragland v. Cone, supra, we are of the opinion that appellees are not entitled to relief. Since this court rendered judgment that the costs of appeal be adjudged against appellees, we think that appellees' motion must be overruled, and it is accordingly so ordered. See, Texas Rules Civil Procedure, rules 448 and 141; Hanson v. Ponder, Tex.Com.App., 5 S.W.2d 767; Pullman Co. v. Hays, 114 Tex. 490, 271 S.W. 1108 and Lone Star Gas Co. v. Childress, Tex.Civ.App., 187 S.W.2d 936, point 10 page 941.