Isaac Clemin SATTERWHITE, Appellant,

v.

AMERICAN EMPLOYERS INSURANCE COMPANY, Appellee.

No. 8041.

Court of Civil Appeals of Texas, Texarkana.

Nov. 30, 1971.

Jack N. Price, Price, Fisher, Hill & Patton, Longview, for appellant.

Rex A. Nichols, Ritter, Nichols & Posey, Longview, for appellee.

DAVIS, Justice.

Plaintiff-appellant, Isaac Clemin Satterwhite, went to Abbott & Williams Insur-

ance Agency in Longview, Gregg County, Texas, for the purpose of obtaining an automobile liability insurance policy. The party who took the application for the insurance policy did not know what the charge would be. Appellant executed his personal check drawn on the American Bank of Longview, Texas, and told Mr. Abbott that he could fill in the amount when he found out how much it would be. Thereafter, defendant-appellee, American Employers' Insurance Company, issued its policy No. FXC A11–8481–73 to cover a period from January 5, 1970 to January 5, 1971. On or about February 3, 1970, appellant received from Abbott & Williams Insurance Agency a statement showing that the policy cost was $405.00 with no balance still due. In Item 6 on Page 1 of the insurance policy it says: "The policy premium is payable in advance unless specific schedules of payment is indicated." Following this statement there is no payment or payments listed to be paid in the future. Immediately below this entry the following statement is included: "Absence of an entry means 'no exceptions.'" Also, on or about February 3, 1970, appellant received a notice of cancellation of the foregoing insurance policy. The cancellation provisions as to the appellee reads as follows:

"This policy may be canceled by the company by mailing to the insured named in Item 1 of the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by such insured or by the company shall be equivalent to mailing.

If such insured cancels, earned premium shall be computed in accordance with the customary short rate table and pro-cedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancelation is effected or as soon as practicable after cancelation becomes effective, but payment or tender of unearned premium is not a condition of cancelation."

The policy was canceled on February 11, 1970, at 12:01 a. m., standard time. Appellant admits that he received the notice of cancellation.

There is very little evidence in the statement of facts that the check was not cashed; or, attempted to be cashed. Anyway, apparently the insurance company still has the check in its possession.

On or about February 28, 1970, Cynthia Satterwhite, daughter of appellant, had a wreck in one of the cars and did considerable damage to the same. It was stipulated that there was $1,150.00 damage done to the car. There was a young driver's questionnaire that was signed by Cynthia Satterwhite and appellant. This was offered in evidence by appellant. There was not any contract or agreement written into the application for the policy. It seems that this is required by Article 5.06 Vernon's Ann. Tex.Civ.St., Insurance Code, which reads as follows:

"In addition to the duty of approving classifications and rates, the Board shall prescribe policy forms for each kind of insurance uniform in all respects except as necessitated by the different plans on which the various kinds of insurers operate, and no insurer shall thereafter use any other form in writing automobile insurance in this State; provided, however, that any insurer may use any form of endorsement appropriate to its plan of operation, provided such endorsement shall be first submitted to and approved by the Board; *and any contract or agreement not written into the application and policy shall be void and of no effect and in violation of the provisions*

of this subchapter, and shall be sufficient cause for revocation of license of such insurer to write automobile insurance within this State." (Emphasis added.)

This writer believes that the italicized portion of the above article is mandatory. Anyway, the insurance company was pretty rude in refusing to give a cause for the cancellation of the insurance policy. I believe the statute should be amended to require that an insurance company that cancels a policy should be required to give a reasonable explanation therefor.

It seems that the State Board of Insurance Commissioners has approved several forms of notice of cancellation in insurance policies; particularly to automobile insurance policies. As the law now stands, the policy of insurance that was issued to appellant was canceled as of February 11, 1970, sixteen or seventeen days prior to the accident in question. Aetna Insurance Company v. Aviritt, Tex.Civ. App., (1947), 199 S.W.2d 662, motion overruled, Tex.Civ.App., 1947, 201 S.W.2d 643, N.W.H.; California-Western States Life Insurance Company v. Williams, Tex.Civ. App., (1938), 120 S.W.2d 844, Wr. Dism'd; Texas Casualty Insurance Company v. McDonald, Tex.Civ.App., (1954) 269 S.W. 2d 456, N.W.H.; Duff v. Secured Fire & Marine Insurance Company, Tex.Civ.App. (1949), 227 S.W.2d 257, N.W.H.

Appellant only brought forward one point of error. He takes the position that the trial court erred in holding that appellant had the burden of proof that cancellation was not rendered effective after the risk under the policy had once attached, and in holding that the insurance policy contract effectively canceled by the appellee by notice only without refunding the unearned portion of the premium to appellant insured.

Since appellant did not request the trial court to file findings of fact and conclusions of law, we must presume that the trial court resolved every disputed fact issue in favor of appellee, considered only the evidence which supports its judgment, and disregarded all evidence in conflict therewith. Gilley v. Anthony, Tex.Civ.App. (1966), 404 S.W.2d 60, N.W.H., and the authorities cited therein.

The judgment of the trial court is affirmed.