**Tony LY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–00656–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 15, 1996.

Morgan Johnson, Victor Blaine, Houston, for Appellant.

John B. Holmes, Rikke B. Graber, Houston, for Appellee.

Before TAFT, COHEN and HEDGES, JJ.

## OPINION

TAFT, Justice.

A jury found appellant, Tony Ly, guilty of aggravated perjury, and the court assessed punishment at three-years confinement. Appellant challenges the legal sufficiency of the evidence to prove: (1) he swore he was a member of the State Bar; and (2) his testimony was material. We affirm.

### Background

On September 15, 1994, appellant was a witness in an appeal bond hearing in the justice court after a forcible entry and detainer suit. The landlord's attorney called appellant to testify regarding the fixtures and contents of the leased premises. Appellant stated he had an ownership interest in some of the fixtures and was a possible future tenant pending an eviction. During cross-examination, appellant was asked if he was a licensed attorney. Appellant responded in the affirmative and, upon further questioning, provided a State Bar number. In fact, appellant was not an attorney, and the bar number belonged to an attorney who had employed appellant in the past. The State brought an aggravated perjury charge against appellant based on his false testimony in the justice court.

### Sufficiency of the Evidence

In two points of error, appellant contends that the evidence is legally insufficient to support the conviction for aggravated perjury. Appellant's first point of error claims there was legally insufficient evidence supporting the State's allegation that he swore under oath he was a member of the State Bar of Texas. Appellant's second point of error raises legal insufficiency of the evidence to show that his testimony was material in the justice court proceeding.

### A. Standard of Review

In reviewing legal sufficiency, this Court must view all the evidence in the light most favorable to the jury's verdict. *Madden v. State,* 799 S.W.2d 683, 686 (Tex.Crim.App.

1990). We must then determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). To do this, the sufficiency of evidence must be considered according to the jury charge given. *Nickerson v. State,* 782 S.W.2d 887, 891 (Tex.Crim.App.1990). If the evidence does not conform to the instructions given, it is legally insufficient as a matter of law. *Id.*

### B. Variance

In his first point of error, appellant argues that the evidence presented, that appellant was an attorney licensed in Texas, was legally insufficient to prove what the jury charge required the jury to find in order to find appellant guilty—that appellant was a member of the State Bar of Texas.

The State presented evidence that appellant: (1) testified to being a licensed attorney in the State of Texas; (2) provided a bar number when asked; (3) knew the meaning of his testimony; (4) presented himself as an attorney on at least one previous occasion; and (5) was not listed with the Clerk of the Texas Supreme Court as being licensed to practice in the courts of the State of Texas. Additionally, a letter from the State Bar was admitted into evidence stating that the bar number given by appellant was that of a named attorney, not appellant.

Appellant relies on *Nickerson v. State* for the proposition that if the evidence does not conform to the charge, it is insufficient as a matter of law. 782 S.W.2d at 891. Appellant claims the State's proof that he said he was "an attorney licensed in Texas" varies from the jury charge, which required a finding that appellant had falsely represented he was a "member of the state bar of Texas." We disagree. A rational jury could conclude beyond a reasonable doubt that appellant's statement that he was an attorney, licensed in Texas with a specific bar number, was the equivalent of stating that he was a member of the State Bar of Texas. *See Hall v. State,* 843 S.W.2d 190, 191–192 (Tex.App.—Houston [14th Dist.] 1992, no pet.) (minor semantic

differences between charge and evidence are not fatal).

Therefore, we overrule appellant's first point of error.

## C. Materiality

In appellant's second point of error, he argues that his false statement was not material to the issue under inquiry in the justice court hearing. The hearing was to determine whether the tenants had assets sufficient to post an appeal bond in a forcible entry and detainer suit. Appellant falsely testified while on cross-examination that he was an attorney, licensed to practice in the State of Texas. Appellant argues that whether he testified that he was a "butcher, baker, candlestick maker, doctor, lawyer, or Indian chief" was not material without showing that there was a dispute over the ownership of the property with which his testimony was concerned.

Appellant appears to make two distinct attacks on sufficiency of the evidence to prove materiality. We construe appellant's attacks as: (1) lack of relation between appellant's false statement and the subject matter of the hearing; and (2) lack of relation between the general nature of appellant's testimony and the subject matter of the hearing. Both of appellant's arguments miss the mark of what is required for a false statement to be material for purposes of aggravated perjury.

### 1. Relation between false statement and hearing subject matter

■ To satisfy a conviction for aggravated perjury, a statement is material, *regardless of admissibility of the statement under the rules of evidence*, if it could have affected the course or outcome of the official proceeding. TEX.PENAL CODE ANN. § 37.04(a) (Vernon Supp.1996) (emphasis added). Appellant's first attack appears to confuse the aggravated perjury test for materiality with the test for materiality in determining *admissibility* of evidence. By using the terminology "not

material to the issue under inquiry," it is apparent appellant employs an evidentiary test.[1] However, section 37.04(a) expressly renders evidentiary materiality moot. The only prerequisite for a false statement to be material for purposes of aggravated perjury is whether it could affect the course or outcome of the proceeding. The extent of additional materiality is not important; perjury may be assigned on false statements as to facts that are collaterally, remotely, or circumstantially material. *Terrell v. State*, 801 S.W.2d 544, 547 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd) (police officer's false statement that he had personally recovered package of cocaine from defendant's vehicle at a hearing on a motion to discover the name of a confidential informant was material for an aggravated perjury conviction).

■ At the hearing before the justice court, the attorney representing the tenants thought appellant's false statement added credibility to appellant's testimony. The attorney attributed his loss to appellant's testimony because appellant was the only adverse witness. The justice of the peace didn't know if his decision would have been the same if appellant had not claimed to be an attorney. The Court of Criminal Appeals has noted that statements made for the purpose of affecting credibility are "material" for the purposes of aggravated perjury. *Mitchell v. State*, 608 S.W.2d 226, 228 (Tex.Crim. App. [Panel Op.] 1980). We conclude the evidence is sufficient for a rational jury to have found beyond a reasonable doubt that appellant's false statement was material, *i.e.*, that it could have affected the course or outcome of the proceeding.

### 2. Relation between general nature of testimony and hearing subject matter

Appellant's second attack appears to be based on the proposition that a witness must testify to something related to the subject matter of the hearing before a false statement regarding his vocation can be material.

1. TEX.R.CRIM.EVID. 401 equates materiality with "of consequence to the determination of the action." This is usually explained in terms of relation to the elements determined mainly from the

pleadings. *See* GOODE, WELLBORN & SHARLOT, GUIDE to TEXAS RULES OF EVIDENCE, § 401.2, at 85–86 (1993).

For the reasons set out above, this argument misinterprets the meaning of materiality for purposes of aggravated perjury. Nevertheless, we note the tenants' attorney stated that appellant testified about the issue in justice court, *i.e.*, the tenants' ability to post an appeal bond.

Accordingly, we overrule appellant's second point of error.

### Conclusion

We affirm the trial court's judgment.