NO. 07-05-0406-CR 



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 24, 2006


______________________________



CHRISTOPHER JOSEPH HADLEY, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE CRIMINAL DISTRICT COURT NUMBER FOUR OF TARRANT COUNTY;



NO. 0934194D; HON. MIKE THOMAS, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Christopher Joseph Hadley (appellant) appeals his conviction for possessing
marijuana. His three issues involve the trial court's refusal to grant his motion to suppress
evidence of the contraband. This is supposedly reversible since the marijuana was
discovered as a result of an illegal stop. We overrule the issues.

 The marijuana in question was discovered after an officer spied appellant driving
from a wooded area onto Highway 360. To get there, according to the officer, "you actually
have to jump a curb." Furthermore, the officer knew of complaints about people dumping
in that vicinity. Consequently, he stopped appellant. Appellant contends that the stop was
improper because his conduct was as consistent with innocent activity as it was with guilty
activity. We reject the contention for several reasons.

 First, the Court of Criminal Appeals held that the construct to which appellant refers
is no longer viable. Woods v. State, 956 S.W.2d 33, 38-39 (Tex. Crim. App. 1997). Thus,
and contrary to appellant's supposition, innocent activity may give rise to reasonable
suspicion if the totality of the circumstances, and rational inferences therefrom,
nonetheless permit an officer to reasonably conclude that the detained individual actually
engaged in, was engaging in, or was about to engage in criminal conduct. Id.

 Second, statute generally prohibits one from driving over or across a physical barrier
constructed to impede vehicular traffic. Tex. Trans. Code Ann. §545.063(b) (Vernon
1999). Furthermore, the obstruction need not be impassible for it to be a physical barrier. 
 Kindell v. State, 407 S.W.2d 784, 786 (Tex. Crim. App. 1966). Here, the officer noticed
that to arrive at the location where appellant was first seen, appellant would have had to
jump a curb adjacent to Highway 360. Furthermore, a curb can be considered a physical
barrier designed to impede vehicular traffic. Given this and §545.063(b) of the
Transportation Code, we conclude that circumstances existed upon which an officer could,
at the very least, reasonably suspect that appellant had engaged in unlawful conduct, i.e.
the violation of a traffic law. And, that would have justified appellant's stop.

 

 Accordingly, the trial court did not err in holding that the stop was lawful. So, we
affirm the judgment. 

 

 Brian Quinn

 Chief Justice


Publish.



rn's term of office
ended December 31, 2004. The newly elected district attorney, Wally Hatch, took office
on January 1, 2005. The trial in this case began on January 11, 2005. On January 6,
appellant filed a motion by which he contended the grounds for appointment of Hobson
and Nation no longer existed, and they should be recused. His first appellate point of error
urges the trial court erred by denying the motion and allowing Hobson and Nation to
present the State's case at trial. We overrule the point of error. 

 The appointment of an attorney pro tem under art. 2.07(b-1) is based on the
attorney's request to recuse for good cause and the court's approval of the request. The
trial court's order granted the district attorney's motion to recuse and appointed Hobson
and Nation "to engage in any acts necessary to prosecute [appellant]." The language of
the order does not suggest it was limited to actions occurring during McEachern's term of
office. 

 Citing Edwards, 793 S.W.2d at 5, appellant contends that by allowing the attorneys
pro tem to remain in place after Hatch assumed office, the trial court removed Hatch from
the case. Edwards was a mandamus proceeding brought by the elected criminal district
attorney, challenging a trial court's order that disqualified the district attorney and his entire
staff from prosecuting a particular case. Id. at 3. Nothing in the record before us indicates
that Hatch considered the authority of the attorneys pro tem terminated when he assumed
office, or that he had objection to their completion of the duties for which they were
appointed. (4) See State v. Rosenbaum, 852 S.W.2d 525, 527 (Tex.Crim.App. 1993)
(considering authority of attorney pro tem to appeal on behalf of State, and noting
acquiescence of district attorney in pro tem's actions). 

 In his second point of error, appellant argues the court erroneously admitted State's
exhibits 1 and 2, which consist of portions of the reporter's record from the writ hearings. 
Appellant contends these two exhibits were erroneously admitted because the court
reporters who reported those portions of the writ hearing testimony and certified the
records had not been appointed deputy reporters and had not taken the oath of office. 

 Appellant's objections at trial to the admission of the exhibits did not specify how or
why the defects he perceived in the reporters' credentials rendered the records they
produced inadmissible in his criminal trial. Appellant's brief on appeal relies on Rule of
Evidence 902(4), which concerns self-authentication of certified copies of public records.
Appellant's objection to the exhibits at trial was not based on their authenticity. The record
does not present a preserved issue regarding the authenticity of the exhibits. See Dixon
v. State, 2 S.W.3d 263, 265 (Tex.Crim.App. 1998) (to preserve appellate issue, it must
correspond with objection made at trial). 

 Moreover, we find no merit in appellant's contention. Chapter 52 of the Government
Code provides that the official court reporter of a court of record is a "sworn officer of the
court." TEX. GOV'T CODE ANN. § 52.041. An official court reporter must both take the
"official oath" required of state officers, and sign an additional oath to keep correct,
impartial records in each reported case. Id. at § 52.045. Chapter 52 authorizes the judge
to appoint a deputy court reporter "to perform the court reporting services during the
absence of the official court reporter" if the official reporter is unable to perform the duties
because of illness, other official work or unavoidable disability. TEX. GOV'T CODE ANN. §
52.042. We are not cited to, nor do we find, any statutory provision or other authority
requiring a certified reporter (5) to take an oath before serving as a deputy court reporter. (6) 
Nor does appellant point us to authority requiring that the appointment of a deputy court
reporter must be in writing, or otherwise prescribing the mechanism of appointment. 

 We review a trial court's decision to admit or exclude evidence on an abuse of
discretion standard. Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996). 
Appellant has presented no basis for a conclusion the trial court abused its discretion by
admitting the reporter's record excerpts from the writ hearing. (7) His second point of error
is overruled. 

 By his third point, appellant contends the court's charge improperly defined the
terms "intentionally" and "knowingly." Specifically, appellant states the court's charge failed
to limit the terms to the charge of aggravated perjury and gave the complete definition of
"intentionally" and "knowingly" as defined in section 6.03 of the Penal Code. 

 A jury charge should contain only the portion of the statutory definition that
corresponds to the correct culpable mental state as proscribed by the offense. Ash v.
State, 930 S.W.2d 192, 194 (Tex.App.-Austin 1996, no writ). There are three "conduct
elements" that may be contained in an offense: (1) the nature of the conduct; (2) the result
of the conduct; and (3) the circumstances surrounding the conduct. Id. (citing McQueen
v. State, 781 S.W.2d 600, 603 (Tex.Crim.App. 1989)). An offense may include one or
more of these conduct elements. Id. 

 At trial, appellant's counsel objected to the charge by stating, "we object to the
charge because it gives an improper definition of a culpable mental state and-improper
application of a culpable mental state to the law and the facts of this case." (8) The court
overruled the objection. (9) 

 If the error in the charge was the subject of a timely and proper objection in the trial
court, reversal is required if the error "is calculated to injure the rights of defendant." 
Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (en banc). For charge error
that was not preserved at trial, the error must have been so harmful that the defendant was
denied "a fair and impartial trial." Patrick v. State, 906 S.W.2d 481, 492 (Tex.Crim.App.
1995) (en banc). For both preserved and unpreserved charging error, "the actual degree
of harm must be assayed in light of the entire jury charge, the state of the evidence,
including contested issues and weight of probative evidence, the argument of counsel and
any other relevant information revealed by the record of the trial as a whole." Id.; Arline v.
State, 721 S.W.2d 348, 351-52 (Tex.Crim.App. 1986). In assessing harm resulting from
the inclusion of improper conduct elements in the definition of culpable mental states, we
"may consider the degree, if any, to which the culpable mental states were limited by the
application portions of the jury charge." Patrick, 906 S.W.2d at 492.

 The relevant portions of the trial court's charge to the jury read as follows:

 A person acts intentionally, or with intent, with respect to the nature of his
conduct or a result of his conduct when it is his conscious objective or desire
to engage in the conduct or cause the result.


 A person acts knowingly, or with knowledge, with respect to his conduct or
the circumstances surrounding his conduct when he is aware of the nature
of his conduct or that the circumstances exist. A person acts knowingly, or
with knowledge, with respect to a result of his conduct when he is aware that
his conduct is reasonably certain to cause the result.


***

 If you believe from the evidence beyond a reasonable doubt that the
Defendant, Thomas Coleman, on or about the 23rd day of March, 2003, in
Swisher County, State of Texas, as alleged in Count One of the indictment,
did then and there, intentionally or knowingly, with the intent to deceive, and
with knowledge of the statement's meaning, make a false statement under
oath: to wit, that, prior to August 7, 1998, he did not know that he had been
charged with crimes in Cochran County, Texas, relating to theft and abuse
of official capacity, when in truth and in fact the said Defendant, Thomas
Coleman, well knew that he had been charged with such crimes in Cochran
County, Texas, from at least May 30, 1998, and that the said false statement
was made in the course of and in connection with an official proceeding, to
wit: an evidentiary hearing conducted pursuant to applications for writ of
habeas corpus filed by Christopher Jackson; Freddie Brookins, Jr.; Jason
Jerome Williams and Joe Welton Moore in the 242nd District Court of Swisher
County, Texas; and that said false statement was material, then you will find
the Defendant guilty and say so by your verdict.


 In the charge, the definitions of "intentionally" and "knowingly" included all three
conduct elements. However, when those terms are viewed in their factual context, it
becomes apparent the conduct elements are actually limited. To convict appellant, the
application paragraph required the jury to find he intentionally and knowingly "with the
intent to deceive, and with knowledge of the statement's meaning, ma[de] a false
statement under oath." The "result of conduct" mental state is not a part of the application
paragraph. We find no harm resulted from the court's inclusion of the "result of conduct"
language in the definitions section of the charge. Patrick, 906 S.W.2d at 492; Hughes v.
State, 897 S.W.2d 285, 296-97 (Tex.Crim.App. 1994). We overrule appellant's third issue
on appeal. 

 Appellant's fourth point of error also complains of an error in the court's charge to
the jury. The error involved the date on which his false testimony occurred. The indictment
alleged the offense occurred on or about the 21st day of March, 2003. The application
paragraph of the court's charge, however, directed the jury to find appellant guilty if he
committed aggravated perjury on or about the 23rd day of March, 2003. 

 The State argues appellant did not point out the error in the date, and reversal is
required only if the error was egregiously harmful under Almanza. 686 S.W.2d at 171. We
agree that appellant did not preserve error concerning the incorrect date. The defense
presented a verbal objection to the application paragraph, stating "[t]he charge fails to
properly apply the law to the allegations in the indictment and the facts in evidence in this
case." Counsel's objection was not "in writing, distinctly specifying each ground of
objection." TEX. CODE CRIM. PROC. art. 36.14. The error in the date requires reversal,
then, only if it deprived appellant of a fair trial. Patrick, 906 S.W.2d at 492. 

 The State need not allege a specific date in the indictment. Sledge v. State, 953
S.W.2d 253, 255 (Tex.Crim.App. 1997) (en banc). When an indictment alleges that some
relevant event transpired "on or about" a particular date, the accused is put on notice to
prepare for proof that the event happened at any time within the statutory period of
limitations. Thomas v. State, 753 S.W.2d 688, 692 (Tex.Crim.App. 1988). The precise
date of appellant's perjurious testimony was not an issue at his trial. The erroneous date
in the charge did not cause appellant egregious harm. See White v. State, 644 S.W.2d
881, 883 (Tex.App.-Tyler 1982, no writ) (misspelling of victim's name in charge not
fundamental error; jury not possibly misled). We overrule appellant's fourth point of error.

 Appellant's fifth point of error challenges the evidence establishing the materiality
of his false statement. (10) In order to prove aggravated perjury, the State was required to
prove beyond a reasonable doubt that appellant's statement was material. TEX. PEN.
CODE §§ 2.01; 37.03. A statement is material if it could have affected the course or
outcome of the official proceeding. Id. at § 37.04(a). Whether a statement is material is
a question of law. Id. at § 37.04(c).

 Judge Chapman was called to testify at appellant's trial, and the parties' briefs focus
on his testimony concerning the materiality of appellant's perjurious statement. Appellant
contends that the judge was asked only general questions about the importance of
appellant's credibility as an issue at the writ hearing, and that the judge's testimony was
insufficiently directed at the specific perjurious statement to support its materiality. We
disagree. Referring to appellant's testimony at the writ hearing, Judge Chapman said "a
good part of the testimony" dealt with the issue of what date appellant knew that charges
had been lodged against him in Cochran County. The judge also agreed that a part of his
task of conducting the writ hearing was to make findings and conclusions, and that doing
so required him to resolve conflicts in the evidence. The judge's testimony continued:


 Was [appellant's] testimony - - testimony and whether or not he was credible
- - was that an important issue in these writ hearings?



 It was very important.



 In other words, depending upon how you might have determined the fact
issues, your finding [sic] could have gone one way or the other?



 Yes, sir.



 Could - - could his statements or his credibility have affected the course or
outcome of these writ proceedings?



 Absolutely. 



 Review of appellant's testimony at the writ hearing confirms Judge Chapman's
memory of the testimony. On numerous occasions, at the writ hearing, appellant was
questioned about when he learned of the Cochran County criminal charges against him. 
Appellant steadfastly maintained he did not know of the criminal charges until the day of
his arrest on August 7, 1998, even when confronted with several documents indicating
otherwise. 

 Although Judge Chapman's testimony does not identify a specific finding (11) that could
have "gone one way or the other," we think it is clear from his testimony that his evaluation
of appellant's testimony about the date he became aware of the Cochran County charges 
at least had the potential to affect the findings the judge ultimately made in the case. 
Identifying a specific finding is not essential to the materiality of appellant's false
statements. False statements as to facts that are collaterally, remotely or circumstantially
material may form the basis of aggravated perjury. Ly v. State, 931 S.W.2d 22, 24
(Tex.App.-Houston [1st Dist.] 1996, no writ).

 Materiality refers to "'misstatements having some substantial potential for
obstructing justice' and excludes 'utterly trivial falsifications.'" Mitchell v. State, 608 S.W.2d
226, 228 (Tex.Crim.App. 1980). Appellant's repeated representation that he did not know
of the charges until his arrest was not a trivial falsification. We find the statements could
have affected the course or outcome of the writ proceeding, and overrule appellant's fifth
point. 

 Having overruled appellant's points of error, we affirm the judgment of the trial court.

 James T. Campbell

 Justice

Publish.
1. The Court of Criminal Appeals cause numbers for the writs of habeas corpus are
as follows: (1) Christopher Jackson, Cause No. WR-53,362-01, (2) Freddie Brookins, Jr.,
Cause No. WR-53,358-01, (3) Jason Jerome Williams, Cause No. WR-51,824-01, and (4)
Joe Welton Moore, Cause No. WR-49,335-02. 
2. "An attorney for the state who is not disqualified to act may request the court to
permit him to recuse himself in a case for good cause and upon approval by the court is
disqualified." TEX. CODE CRIM. PROC. art. 2.07(b-1).
3. The terms "special prosecutor" and "attorney pro tem" are often used
interchangeably although there are clear distinctions between the two. See, e.g., State ex
rel. Eidson v. Edwards, 793 S.W.2d 1, 5 n. 4 (Tex.Crim.App. 1990); State v. Newton, 158
S.W.3d 582, 587 (Tex.App.-San Antonio 2005, pet. dism'd); Stephens. v. State, 978
S.W.2d 728, 731 (Tex.App.-Austin 1998, pet. ref'd).
4. Moreover, it would not appear that representation of the State at trial by the
attorneys pro tem caused any harm to appellant. TEX. R. APP. P. 44.2. 
5. Both reporters testified to identify the records they transcribed from the writ
hearing. Both were certified court reporters. See TEX. GOV'T CODE ANN. § 52.021(a)
(providing uncertified person may not be appointed official court reporter or deputy court
reporter). But cf. TEX. GOV'T CODE ANN. § 52.031(a) (noncertified reporter may be
employed until certified reporter is available).
6. We here consider the statutory requirements applicable generally to court
reporters. Chapter 52 contains provisions applicable only to reporters in particular courts. 
See, e.g., TEX. GOV'T CODE ANN. § 52.044 (authorizing "additional official court reporters"
in Bexar County). None of those specific provisions apply to the 242nd District Court. 
7. Appellant cites Jordan v. Ortho Pharmaceuticals, Inc., 696 S.W.2d 228, 232
(Tex.App.-San Antonio 1985, writ ref'd n.r.e.); Aetna Ins. Co. v. Aviritt, 201 S.W.2d 643
(Tex.Civ.App.-Waco 1947, no writ) and Ragland v. Cone, 118 S.W.2d 1098
(Tex.Civ.App.-Amarillo 1938, no writ). None requires a different conclusion.
8. In his brief, appellant contends aggravated perjury is a "nature of conduct" offense
and it was improper to charge the jury on the "result of conduct" or the "circumstances
surrounding the conduct" part of the 6.03 definition. We agree the offense alleged in Count
1 of the indictment does not include a "result of conduct" element. 
9. In its brief, the State argues the objection "was not specific enough for the court
to remedy the charge in a manner that would have satisfied [a]ppellant." We need not
address that argument because our disposition of appellant's issue would be the same
whether or not the asserted charge error is treated as preserved. 
10. Appellant characterizes his issue as one challenging the legal and factual
sufficiency of the evidence supporting a finding of materiality. The Penal Code expressly
provides, however, that whether a statement is material is a question of law. TEX. PEN.
CODE § 37.04(c). We address appellant's issue under that standard. 
11. The trial court sustained appellant's objection to the admission into evidence of
Judge Chapman's findings of fact and conclusions of law from the writ hearing.